OLIVER D. BROWN *et al. vs.* ALDEN U. BROWN.

Knox, 1876.—December 23, 1876.

*Deed.*

To constitute a delivery of a deed, the grantor must, by act, or word, or both, part with all right of possession and dominion over the instrument, with the intent that it shall take effect as his deed, and pass to his grantee.

The commitment of a deed to a third person, with the reservation of the right on the part of the grantor to withdraw it at any time before his death, and in case it was not so withdrawn, to be retained until the death of the grantor, and then to be delivered to the grantee, is no legal delivery, and will pass no title to the grantee.

ON REPORT.

WRIT OF ENTRY, to recover two-thirds part of a lime rock quarry, and damages for rock taken out by the defendant, dated February 23, 1875.

*Plea,* general issue.

The plaintiffs and the defendant, are brothers, and only surviving children of Oliver B. Brown, who was the owner of the premises for more than twenty years, and until he died, November 15, 1873, unless they were conveyed by the deed to the defendant, hereinafter mentioned.

Oliver B. Brown made four separate deeds of real estate, one to each of his three living children, and one to the two sons of his deceased daughter, each nominally for a similar consideration. He then made a will which provided, after the payment of his debts and funeral expenses, and a legacy of $100, to each of his two grand-daughters, and one dollar to each of his two grand-sons, that his three sons should be residuary legatees, and that the defendant should be his executor.

The will was probated the third Tuesday of December, 1873, and the legacies mentioned therein were paid in January, 1874 ; and it was admitted that the defendant had taken lime rock from the quarries, as alleged in the writ.

The defendant offered in evidence, deed from Oliver B. Brown to the defendant, Alden U. Brown, dated December 21, 1869, and recorded November 29, 1873. Plaintiffs objected to the deed, and denied that it was legally delivered ; they admitted that it was duly signed and acknowledged. Defendant also put in deed, Oliver B. Brown to John Brown, dated January 31, 1866, and recorded November 26, 1873. Also deed from Oliver B. Brown to Oliver D. Brown, dated December 13, 1861, and recorded November 24, 1873.

It was admitted that these three deeds were delivered by Oliver B. Brown to Charles C. Lovejoy, December 31, 1869, together with the will referred to, with written instructions in respect to their delivery, as follows :

"To Charles C. Lovejoy:

Admonished by the infirmities of age and the events transpiring around me that this is not my home, or continuing city, I have thought proper to make arrangements for the final distribution of my estate to and among my family and heirs-at-law, while I have strength and capacity so to do, and with your consent herewith commit to you for safe keeping and delivery, four deeds of certain real estate, one to and for each of my sons, Alden U. Brown, John Brown, and Oliver D. Brown, and one to and for my grand-sons, Oliver H. Whitney, and Charles G. Whitney, and also my last will and testament. In doing this I am not unmindful that in this world of change, a state of things may arise to make some

alteration in my arrangements both desirable and proper, and therefore expressly reserve the right at any time to withdraw said papers, any or all of them for that purpose from your care and keeping. But in the event of their being permitted to remain in your possession uncalled for by me during my life, you are hereby requested and directed without further advice from me, immediately upon my decease in your life time, to deliver said deeds to my said sons, to each one the deed for him intended, and to my said grandsons the deed for them made and designed, and also to place in the hands of my said son, Alden U. Brown, my last will and testament aforesaid, that the same may be proceeded with according to law.                           Oliver B. Brown.

Rockland, December 31, 1869.

Witness : William Thompson."

It was admitted that no other delivery of either of the deeds was made by the grantor in his life time, and that Lovejoy, December 31, 1869, took possession of the deeds and will, and the paper containing the written instructions, and retained them until after the decease of the grantor, whereupon he delivered the deeds to the several grantees who received them, and caused them to be recorded, they not having been recorded in the life time of the grantor; and that he delivered the will to the executor, who caused the same to be duly probated.

The deed to the defendant covers the premises described in the writ.

"By consent of parties the case was withdrawn from the jury, and is submitted to the full court to determine whether there was a legal delivery of the deed from Oliver B. Brown to the defendant, so that the title passed to him; if there was not, the defendant is to be defaulted ; and if the court decides that there was a legal delivery, the construction of the deed is to be determined, and the question decided whether the plaintiffs have any interest in the premises, and if so, what, and such judgment to be rendered as the law upon the facts reported, requires, and the parties agree that the amount and value of the lime rock taken by the defendant, and the damages shall be assessed by Francis Cobb, or some other party to be agreed upon by them, and that the case shall be remanded for that purpose.

*A. P. Gould & J. E. Moore,* for the plaintiffs, contended that the deed of December 21, 1869, was not duly delivered to the defendant, nor to any person for him.

*T. P. Pierce,* for the defendant, contended that the delivery was sufficient; and even if it were not, that as between the parties, the plaintiffs having accepted and placed upon record their deeds delivered to the same depositary, at the same time, under the same circumstances, before the defendant caused his deed to be recorded, and having suffered him to take possession of the quarry, and operate it without objection for a long time, were estopped to deny the validity of the defendant's title. *Smith* v. *Gould,* 34 Maine, 443. *Hyde* v. *Baldwin,* 17 Pick. 303. *Dewey* v. *Bordwell,* 9 Cow. (N. Y.) 66.

VIRGIN, J. It is admitted that the deed from Oliver B. Brown to the defendant was signed and acknowledged, but the delivery is denied. All the facts pertaining to the delivery are also admitted; and the question submitted is whether they amount in law to delivery. If they do not, "the defendant is to be defaulted."

The deed in question (with three others to as many named grantees, together with his last will and testament) was committed by the grantor to one Lovejoy "for safe keeping and delivery" with written instructions in which is found the following language. "I am not unmindful that in this world of change, a state of things may arise to make some alteration in my arrangements both desirable and proper, and therefore expressly reserve the right at any time to withdraw said papers, any or all of them for that purpose from your care and keeping. But in the event of their being permitted to remain in your possession uncalled for by me during my life, you are hereby requested and directed without further advice from me, immediately upon my decease in your life time, to deliver said deeds" to the respective grantees, &c.

The real original design and intention of the father in sealing the deeds to his children and grand-children, and committing them to the depositary, are so clearly expressed as to exclude all cavil. Generally the law lays great stress upon the intention of parties as expressed in deeds and wills; and when it has once ascer-

tained from the terms used, the intention, it will lend its aid in executing the expressed will of the parties. But the intention of an owner of property in his attempted act of transferring it is not necessarily and always supreme. The law has prescribed certain plain rules to be observed in the execution of such important instruments as those by which the title to real property is transferred; and whatever courts may sometimes have done in their zeal to carry into effect the intention of parties, the law itself does not permit its salutary rules to be broken or bent to meet the exigencies of ignorance or negligence; deeming it better on the whole, that the intention of a party in disposing of his property should occasionally fail, than that its important and firmly established rules made and applied for the benefit of all be overridden.

It is elementary law that the delivery of a deed is as indispensable as the seal or signature of the grantor. Without this act on the part of the grantor, by which he makes known his final determination to consummate the conveyance, all the preceding formalities are impotent to impart vitality to it as a solemn instrument of title. No formulary of words or acts is prescribed as essential to render an instrument the deed of a person sealing it. It may be done by acts, or words, or by both, by the grantor himself, or by another by the grantor's authority precedent or assent subsequent, with the intent thereby to give it effect as his deed; to the grantee personally, to another authorized by the grantee to accept it, or to a stranger with a subsequent ratification, although it do not reach the grantee until after the death of the grantor. Shep. Touch .57, 58. *Porter* v. *Cole*, 4 Maine, 20, 25, 26. *Chadwick* v. *Webber, id.* 141, 142. *Woodman* v. *Coolbroth*, 7 Maine, 181. *Turner* v. *Whidden*, 22 Maine, 121. *Dwinal* v. *Holmes*, 33 Maine, 172. *Hatch* v. *Bates*, 54 Maine, 136, 139.

The defendant has cited some of that numerous class of cases holding it a sufficient act of delivery on the part of the grantor to place his deed in the hands of a stranger for the use of the grantee without reserving any right to recall it, to be delivered to the grantee on the decease of the grantor. The cases which are most frequently cited, perhaps, are *Wheelright* v. *Wheelright*, 2 Mass. 447, and *Foster* v. *Mansfield*, 3 Met. 412; which have frequently

been approved by various courts in this country, and by the same court, and in the late case of *Mather* v. *Corliss*, 103 Mass. 568.

But we have no present occasion either to admit or deny the soundness of the proposition, on account of one element contained therein, and not found in the question before us, which we deem essential, and the turning point in this case. For we consider it indispensable to the delivery of a deed, that it shall pass beyond the control or dominion of the grantor. Otherwise it cannot come rightfully within the power and control of the grantee. Their interests are adverse, and both cannot lawfully have control over the deed at the same time. The grantee does not necessarily acquire the right the moment it leaves the possession and control of the grantor, but he cannot have it before. Neither can the grantor transfer his property after his decease by deed. The statute of wills or of descent then govern all property not disposed of during the lifetime of the owner. To be sure a freehold estate may be conveyed to commence *in futuro*, when it is so declared in the deed. *Wyman* v. *Brown*, 50 Maine, 139. And the grantor may "reserve full power and control over the land thus conveyed during his natural life." *Drown* v. *Smith*, 52 Maine, 141; but not over the deed.

Leaving out all question of acceptance by the grantee, we think that so far as the grantor is concerned, any acts or words, either or both, whereby he in his life time parts with all right of possession and dominion over the instrument, with the intent that it shall take effect as his deed and pass to the grantee, constitute a delivery of a deed of conveyance; and that nothing less will suffice. Among the numerous authorities holding that the parting with the dominion over the deed is essential, is the often cited case of *Doe, &c.* v. *Knight*, 5 Barn. & Cress. 671, (11 E. C. L. 351,) which is cited, with approbation, to this especial point by the U. S. supreme court in *Tompkins* v. *Wheeler*, 16 Pet. 106, 119. The application of the principle to the facts in the insurance case of *Xenos* v. *Wickham*, 14 C. B., N. S. 435, 470, (108 E. C. L. 861) does not modify the law. So Mr. Justice Field, in *Younge* v. *Guilbeau*, 3 Wall. 636, says, "To constitute delivery the grantor must part with the possession of the deed or the right to retain it."

Passing over the earlier cases in Massachusetts, the court of that commonwealth, in *Hawkes* v. *Pike*, 105 Mass. 560, 562, say : "It must appear that the grantor parts with the control and possession of the instrument," &c. And in the very late case of *Shurtleff* v. *Francis*, 118 Mass. 154, where the assignments of certain mortgages were handed by a father to his son, at the date of their respective acknowledgments, with instructions "in case he died before the son, to put them on record at once," they being deposited by the son in a safe, to which the father had access equally with the son, and the father continuing to collect the interest on the unindorsed notes secured thereby, the court say : "It is clear that as to the mortgages in question, the testator regarded and treated them as his property as much after as before the assignments, and that the son claimed no control or dominion over them before his father's death. Upon the whole evidence we are satisfied the purpose of the transaction was that the transfer of the property should not take effect until after his (father's) death. As this purpose cannot be carried into effect consistently with our statute of wills, it follows that the assignments were to be treated as nullities, and the property covered by them is to be disposed of under the residuary clause of the will."

The same result is reached in New Hampshire. In *Shed* v. *Shed*, 3 N. H., 432, a father placed his deed in the hands of a depositary to be delivered to his sons upon his decease, in case he should not otherwise direct; and died without any further directions. The court held the delivery good. But in *Cook* v. *Brown*, 34 N. H., 460, after a very elaborate discussion and thorough examination of authorities, *Shed* v. *Shed*, was expressly overruled, and the court held, that where a deed is placed in the hands of a depositary to be delivered to the grantee upon the death of the grantor, provided it is not previously recalled (which the grantor expressly reserves the right and power to do, at any time,) it is not a good delivery. The court say : "To make the delivery good and effectual, the power of dominion over the deed must be parted with. Until then the instrument passes nothing ; it is merely ambulatory and gives no title. It is nothing more than a will defectively executed, and is void under the statute. . . So long as it is in the

hands of a depositary, subject to be recalled by the grantor at any time, the grantee has no right to it and can acquire none ; and if the grantor dies without parting with his control over the deed, it has not been delivered during his life, and after his decease no one can have the power to deliver it." The same court have re-affirmed this decision in *Johnson* v. *Farley*, 45 N. H. 505, 510 ; *Bank* v. *Webster*, 44 N. H. 264, 269 ; *Baker* v. *Haskell*, 47 N. H. 479.

In Wisconsin, in *Prutsman* v. *Baker*, 30 Wis. 644, Dixon, C. J., after reviewing the authorities, says : "To constitute delivery, the grantor must devest himself of all power and dominion over the deed ;" and that in that case, there was in law no delivery of the deed during the life time of the grantor, for the reason that the grantor intended to, and did reserve complete dominion and control over it during his life." See also authorities cited in these cases, and also in 3 Wash. Real Prop. (4th ed.) 282 ; Greenl. Ev., § 297, and notes ; also note 2, by Greenleaf, in 2 Greenl. Cru. 334.

We are aware that *Belden* v. *Carter*, 4 Day, (Conn.) 66, *Morse* v. *Slason*, 13 Vt. 296, 307, have come to a different conclusion. We do not find them expressly overruled by the respective courts which decided them. Perhaps *Ruggles* v. *Lawson*, 13 Johns. (N. Y.) 285, may be considered another authority upon the same side, although the precise question involved here was not raised there. We feel certain, however, that they are opposed to the large current of authority ; and our opinion is, that they cannot be defended on principle.

In the case at bar, the ancestor having expressly reserved the right, at any time, to recall the deed, there was no moment of time during his life when he had parted with the right of dominion over it ; and it was therefore never delivered. The result is, the property covered by the deed is, as in *Shurtleff* v. *Francis*, *sup.*, to be disposed of under the residuary clause of the will ; and in accordance with the terms of the report, the entry must be

*Defendant defaulted.*

*Damages to be assessed*

*as stipulated in report.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.