# Hill, Appellant, *v.* Giles.

*Wills—Life estate—Estate in fee—Rule in Shelley's Case.*

Where testator gives land to his niece " during her natural life and at her decease, this portion shall be inherited by the surviving issue of my said niece, share and share alike," and " at the decease of my niece, failing issue," then over, the niece takes an estate for life only.

Argued Oct. 28, 1901. Appeal, No. 163, Oct. T., 1900, by plaintiffs, from judgment of C. P. No. 2, Allegheny County, Oct. T., 1900, No. 667, on case stated in case of Smith W. Hill and Lucinda Hill v. George W. Giles. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Case stated to determine interest in real estate.

Frazer, J., filed the following opinion:

This is a case stated to determine the estate of Lucinda Hill, formerly Lucinda Woods, in certain real estate situate in Mifflin township, this 'county, devised to her in the will of her uncle, Joseph Irwin, who died September 21, 1881. After disposing of certain definite parts of his home farm, the will proceeds as follows:

(*a*) " I further will and direct that my wife have the one half of my farm on which I now reside, after the legacies are deducted, which amount is 22 acres, during her natural life,

and at her death this portion shall be inherited by the surviving issue of my niece, Lucinda Woods, share and share alike.

(b) "I will and direct that my niece, Lucinda Woods, have the remainder or residue of my farm on which I now reside, after the legacies above mentioned are deducted, during her natural life, and at her decease this portion shall be inherited by the surviving issue of my said niece, Lucinda Woods, share and share alike.

(c) "I further will and direct that at the decease of my niece, Lucinda Woods, failing issue, my brother, J. H. Irwin's children, shall inherit the part of my farm in which I have given a life interest to my wife, Susannah Irwin, and my niece, Lucinda Woods."

The will in question was before the Supreme Court in the case of Irwin v. Hill, 194 Pa. 224, in a bill for a partition brought by one of the heirs at law of the testator, who claimed that its provisions left undisposed of an interest in the land described in the first of the foregoing paragraphs "intervening between the death of the widow and the death of Lucinda Woods." In that case it was held that the testator did not die intestate as to any part of his land, but that the second paragraph above mentioned gave to Lucinda Woods "not merely the residue of the land, but the remainder of the estate undisposed of" in the preceding parts of the will, and that therefore Lucinda Woods took at least a life estate in the land described in the first paragraph, subject to the life estate given to the widow. As Lucinda Woods was living at the time of the filing of the bill it was not then necessary to decide whether she had any greater estate, but that question is now presented for determination, and is the only question before us.

From the case stated it appears that the wife of the testator is dead, and that Lucinda Woods is living and has never had issue. The plaintiffs' claim is, that the will having given to Lucinda Woods a life estate with remainder to her issue, with a devise over upon failure of issue, the word "issue" is to be deemed a word of inheritance, and that the effect of the will is to give her an estate tail, under the rule in Shelley's Case, which becomes a fee under the statute. It has been frequently held that prima facie the word "issue" in a will is equivalent to "heirs of the body," but that if anything appears in

the will to show that the word was intended to have a less extended meaning, and to apply to children or to descendants of a particular class, or at a particular time, it is to be deemed a word of purchase and not of limitation, in order to carry out the intention of the testator: O'Rourke v. Sherwin, 156 Pa. 285, and cases there cited.

The provisions of the will relied upon by the defendant as showing the word "issue" not to be used in the sense of "heirs of the body" are those which direct that at the death of Lucinda Woods the land shall go to her surviving issue, and that the same shall go to them, share and share alike. It seems to us there can be no doubt that the "surviving issue" of Lucinda Woods, referred to in the second of the foregoing paragraphs, means issue of Lucinda Woods living at her death. It would seem, therefore, that the word "issue" in this will must mean the descendants of Lucinda Woods at a particular time—that is, at the time of her death. This, together with the direction for distribution in equal shares among such descendants, would seem, under the cases, to be sufficient to indicate that the word "issue" in the second of the foregoing paragraphs is not a word of limitation but of purchase: Robins v. Quinliven, 79 Pa. 335.

There is nothing in the third paragraph to indicate the contrary. No doubt a direction, that at the decease of Lucinda Woods failing issue, standing by itself would indicate indefinite failure of issue, but it is manifest that the words "failing issue" in that paragraph mean nothing more than if the words used were "failing issue as aforesaid." We fail to see anything in the testator's use of the word "inherit" in the second paragraph, which would indicate an intention on his part to use the word "issue" as equivalent to "heirs of the body." The testator does not use technical terms correctly, and no doubt used the words "be inherited by" as the equivalent of "go to" or "be received by." The undoubted intention of the testator was to give Lucinda Woods only a life estate, and the interpretation of the will as claimed by her would defeat that intention, as is often the result of the application of the rule in Shelley's Case to wills unskillfully drawn—a result which the courts have always been anxious to avoid whenever possible, having "seized with avidity on any circumstance, however trivial,

donoting an intention to fix the contingency at the time of the death," thereby avoiding the application of that rule : Miller's Estate, 145 Pa. 565.

Being of the opinion that Lucinda Woods took only a life estate in the property in question, judgment is entered for the defendant, with costs.

*Error assigned* was in entering judgment for defendant.

*J. McF. Carpenter*, for appellants.

*D. T. Watson*, with him *John O. Petty*, for children of J. H. Irwin.

*John G. Silveus*, for appellee.

PER CURIAM, January 6, 1902 :

The question for our determination on this appeal is whether Lucinda Hill, wife of Smith W. Hill, has a fee simple title to the property in question under the will of Joseph Irwin, deceased, or only a life estate under it. The conclusion arrived at by the learned judge of the court below in his clear and concise opinion plainly and distinctly holds that Lucinda Hill has only a life estate in the land in question. An examination of the cases cited show numerous decisions of this court which sustain the opinion referred to, and satisfy us that no error was committed by the court below.

Judgment affirmed.