### PACHECO v. FERNANDEZ et al.
### (No. 7435.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1925. Rehearing Denied Dec. 9, 1925.)

1. **Assignments**  ⟜73—Word "inheritance" construed to include devise, where such intention indicated.

Though "inheritance" in its restricted sense means something obtained through laws of descent and distribution from an intestate, where circumstances indicate an intention to include a devise, presumption that grantor intended term in its technical legal sense, will be destroyed, since in popular use "inheritance" includes property obtained by devise or descent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inheritance.]

2. **Assignments**  ⟜73—Deed by husband to wife of all his "inheritance" held to include property acquired by devise, in view of husband's intention.

There being evidence that it was intention of husband, who deeded to his wife all his properties coming to him "from inheritance," to convey all his property, whether obtained by devise or descent, "inheritance" will be construed to include property devised to husband by his mother.

3. **Fraudulent conveyances**  ⟜210—Subsequent creditor, with notice of conveyance, cannot attack it as fraudulent.

A subsequent creditor, with notice of conveyance sought to be set aside, cannot attack it as fraudulent.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Garnishment proceedings by Andres Pacheco against George Champion and others, defendants, and Albert H. Fernandez and another, garnishees. From judgment in favor of garnishees, plaintiff appeals. Affirmed.

Graham & Graham, of Brownsville, for appellant.

H. L. Yates, of Brownsville, for appellees.

FLY, C. J. This is an appeal perfected from a judgment against appellant in a garnishment proceeding wherein the garnishees were A. H. Fernandez and the State National Bank of Brownsville. Although only the garnishment matters are properly involved in this appeal from a judgment in favor of the garnishees, still 21 pages of the record are used to carry copies of the pleadings, judgment, appeal bond, and mandate of this court in an injunction suit determined the year before the judgment appealed from was rendered. That record has no bearing on the garnishment proceedings, and only serves to complicate and confuse any issues that may have arisen in this case. The judgment from which this appeal was taken was rendered on January 14, 1925, which decrees that—

The "plaintiff, Andres Pacheco, take nothing by his garnishments herein nor by his traverse and controverting affidavit of the answers of the garnishees Albert H. Fernandez and the State National Bank of Brownsville, Tex., impleading Mrs. Emelia W. Champion, Domingo Allala, and George Champion, and that he and Sam Robertson, sheriff of Cameron county, Tex., be and they now hereby are commanded to perpetually desist and refrain from interfering with or in any wise disturbing the said Emelia W. Champion and Domingo Allala by legal process or the procuring of the issuance of legal process or otherwise under, and by virtue of said judgment rendered in the district court of Cameron county, Tex., in cause No. 5657, Andres Pacheco v. George Champion, in their ownership and possession and in their right of disposition of the proceeds arising from the sale of said one-seventh interest in and to the tract of land above described under and by virtue of said contract of sale with the said A. F. Parker, entered into on the 27th day of August, A. D. 1923, by the said Domingo and others; and that the said Andres Pacheco and Sam Robertson be and they now hereby are commanded to perpetually desist

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and refrain from disturbing the said Domingo Allala, Ana Champion, Rosa Champion, Francisca Champion de Fernandez, Petra Champion, Eufemia Champion, Lucille Champion Murphy, and E. A. Murphy in their ownership in, possession of, and right of disposition and right of receiving and disposing of the proceeds of the sale of said above-described 1,319.3-acre tract of land; that the said George Champion has no interest in said 1,319.3-acre tract 'nor in the proceeds arising from said sale thereof to the said A. F. Parker; and that the garnishees Albert H. Fernandez and the State National Bank of Brownsville, Tex., be and they each now\ hereby are discharged with their respective costs, and with a compensation of $25 each; and that the plaintiff Andres Pacheco pay such costs an'd compensation, as well as all other costs of court in this behalf expended, for all of which let execution issue. * * *"

The parties were quieted in their titles, appellant was "perpetually" restrained from collecting anything on a judgment in another case out of the 1,319.3-acre tract, specifically and laboriously described in the body of the judgment, and appellant was compelled to pay "costs and compensation"; and all this was composed, written, and recordéd in order to say that appellant could not recover against the garnishees. The cause numbered 5794 was one in which Domingo Allala, Ana Champion, Francisca Champion de Fernandez, and Eufemia Champion, Petra Champion, Maude D. Champion, Lucille Murphy, and E. A. Murphy were plaintiffs, and they sought to restrain appellant herein from selling certain land owned by them. A writ of injunction was granted as prayed for, and on appeal the judgment was affirmed by this court. The writ of garnishment was sued out on an allegation that appellant had in a cause numbered 5657 obtained a judgment against George Champion in the sum of $7,632.55, and that he had no property, within the knowledge of the applicant for the writ of garnishment, subject to execution. No one was mentioned as garnishee or defendant in the affidavit for garnishment except A. H. Fernandez and the State National Bank of Brownsville, but in his pleading traversing and attacking the answer of the garnishees appellant asked that Domingo Allala and George Champion and wife, Emelia W. Champion, be made parties to the garnishment proceeding and they answered in the cause.

The parties speak of cause No. 5794 being consolidated with the garnishment case, but no order of consolidation appears in the record; the only mention of consolidation being where the judgment states that this cause, "as consolidated with No. 5794, Domingo Allala et al. v. Andres Pacheco et al.," was heard. How a cause in which the issues had been finally tried on appeal to this court could be consolidated with a proceeding in garnishment does not appear.

Not only did the judgment seek to dispose of the rights of those made parties, but Ana Champion, Rosa Champion, Lucille Champion Murphy, and E. A. Murphy, who were not cited, not asked to be made parties, and who did not appear in the case by pleading or otherwise, had their rights adjudicated, and appellant and the sheriff were restrained from disturbing them in their ownership of the land. These people last mentioned are called interveners by appellant, but no pleas in intervention appear in the record.

The real controversy in this case, to which the evidence and pleading should have been confined, was as to a one-seventh interest in the land belonging to George Champion, which the garnishees insisted had been conveyed by George Champion to his wife, and consequently that he had no interest in the land, but which appellant contended has never been conveyed by George Champion. The deed, which antedated the debt to appellant, was to Emelia Champion, and conveyed to her, to be her separate property, "all the right, title, interest, and estate, claim or demand that I may now have or may hereafter inherit from my parents, be the same wheresoever found, whether in Cameron county, Tex., Hidalgo county, Tex., or elsewhere, and be the same real, personal, or mixed estate, hereby intending to convey unto my said wife the full right to own, enjoy, retain, sell, or convey any and all properties of any nature whatsoever that may now or hereafter belong to me from inheritance." The interest of George Champion came to him through a clause in the last will and testament of his mother. Appellant contends that it did not come to George Champion' through inheritance, and that consequently no title to the interest in the land passed to his wife by the deed.

[1-3] The word "inheritance," strictly construed, means something acquired as an heir at law, by descent, and in its contracted legal sense is used in contradistinction to property acquired through a will. It means in its restricted sense something obtained through the laws of descent and distribution from an intestate. While this is true where the circumstances indicate an intention to include a devise, the presumption will be destroyed that a grantor intended the term in its technical, legal sense. It is well known that in popular use of the word "inheritance" is included property obtained by devise or descent. Jemison v. Scottish-American Mortgage Co., 19 Tex. Civ. App. 232, 46 S. W. 886; 31 Corpus Juris, p. 1198; Dohn v. Dohn, 110 Ky. 884, 62 S. W. 1033, 64 S. W. 352; In Re White's Estate, 42 Wash. 360, 84 P. 831; Quinn v. Hall, 37 R. I. 56, 91 A. 71, Ann. Cas. 1917C, 373; Hill v. Giles, 201 Pa. 215, 50 A. 758. There was sufficient evidence in this case to show that it was the intention of George Champion to convey all his property to his wife, no matter whether he obtained it by devise or descent, and therefore it will

be held that the word inheritance used in the deed of conveyance included property devised by his mother. The deed by Champion to his wife was made long prior to the time his debt was incurred to appellant, and was duly recorded, and it is the general rule that a subsequent creditor, with notice of the conveyance sought to be set aside, cannot attack it as fraudulent. Lewis v. Simon, 72 Tex. 470, 10 S. W. 554; Martin v. Mercantile Co. (Tex. Civ. App.) 185 S. W. 583; Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600; Sikes v. Bank (Tex. Civ. App.) 197 S. W. 227.

The judgment is affirmed.