TSCHERNE, et al, Respondents, v. CRANE-JOHNSON CO., Appellants.

(227 N. W. 479.)

(File No. 6649. Opinion filed November 19, 1929.)

  · *Otto L. Kaas,* of Britton, and *Corrigan & Walton,* of Aberdeen, for Appellants.

MISER, C. This appeal presents for construction a warranty deed which, when stripped of all language not necessary to its construction, is as follows:

"Math Tscherne, * * * grantor, * * * for and in consideration of love and affection and the sum of $1.00, grants conveys and warrants to Louisa M. M. Janisch, grantee, * * * [160 acres in Marshall county].

"Subject to condition that the said described property shall not be mortgaged or incumbered, but that the title thereto shall remain clear and free of incumbrances. Said grant and conveyance to the said Louisa M. M. Janisch shall be to and for her during the term of her natural life, and upon her death the fee-simple title herein shall be vested in equal shares in each of the living heirs of her body at that time, to be determined in the manner provided by law in the termination of life estate.

"Dated this 25th day of October, 1921.

"Math Tscherne."

This deed was duly acknowledged and thereafter duly recorded. Thereafter Louisa M. M. Janisch and her husband purchased from appellant Crane-Johnson Company materials for the construction of buildings on the land, and to secure the purchase price executed a mortgage on this land. On default of payment, the Crane-Johnson Company foreclosed said mortgage by an action in which Louisa M. M. Janisch and her husband were made defendants. Judgment was entered therein, and thereafter execution was delivered to appellant Magenton, as sheriff. Thereupon an action was instituted by the respondents herein to restrain appellants from selling the premises under said execution. The plaintiffs therein were the above-named grantor, the above-named grantee and her husband, and seven minor children, appearing by their mother as guardian ad litem. To their complaint, the appellants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. This appeal is from the order overruling the demurrer to the complaint.

Appellants contend that the foregoing deed conveyed to Louisa M. M. Janisch an absolute fee title. On oral argument, appellants cite Barbour v. Finke, 52 S. D. 11, 216 N. W. 592, 595, as decisive on this appeal. It is not decisive, because the deeds are different. In that case we followed Long v. Holden, 216 Ala. 81, 112 So. 444, 446, 52 A. L. R. 536, wherein it was said: "Innumerable cases may be cited to the proposition that the cardinal rule for the construction of written instruments is to ascertain, if pos-

sible, from the language employed, the intention of the parties, and then to give effect to such intention, if it can be done *without violation of law."* We adhered to that rule, declaring, however, that the law will not permit its salutary rules to be broken to meet the exigency of carelessness in the use of language (quoting Brown v. Brown, 66 Me. 320), "deeming it better, on the whole, that the intention of a party in disposing of his property should occasionally fail, than that its [the law's] important and firmly established rules made and applied for the benefit of all be overridden." It is therefore our first task to gather from the instrument itself the intention of the grantor; next, to see whether any established rules of construction prevent the giving effect to such intention.

At common law it was considered that the words "and to his heirs," or "and to the heirs of his body," following a grant purporting to be an estate for life, necessarily implied that the heirs mentioned should take by inheritance from the life tenant, and not directly from the grantor; hence, under the rule in Shelley's Case, it followed that the deed was understood as passing the fee to him, as well as the life estate. But, even under the common law, when the deed contained words which modified or qualified those phrases to such an extent that a reasonable interpretation of the grant was that the grantor intended thereby to designate the persons who should take the estate on the death of the life tenant, direct from the grantor, and by virtue of the grant, the rule in Shelley's Case would not control. See Gordon v. Cadwalader, 164 Cal. 509, 130 P. 18, 20, where this is fully discussed and authorities collected. The following illustrations are taken therefrom:

"The words, 'and upon his demise to the heirs of *him surviving, share and share alike,'* show that the word 'heirs' was used to describe particular persons, and not the line of succession, and the rule was held inapplicable. Burges v. Thompson, 13 R. I. 714. * * * So, also, of the words: * * * 'Shall be inherited by the *surviving* issue of my said niece, *share and share alike'* (Hill v. Giles, 201 Pa. 215, 50 A. 758) ; 'and at her death to the issue of her body *then living'* (Gadsden v. Desportes, 39 S. C. 131, 17 S. E. 706) ; * * * 'to the heirs of his body begotten if there be any such heirs *him surviving'* (Granger v. Granger, 147 Ind. 95, 44 N. E. 189, 46 N. E. 80, 36 L. R. A. 186, 190) ; 'heirs of his body *living at the time of his death'* (Moore v. Parker, 34 N. C. 127)."

The words italicized were held to have the effect of making the conveyance to the first taker that of a life estate, and not a fee-simple or fee-tail estate. If the language above italicized was sufficient for that purpose in jurisdictions where the rule in Shelley's Case was in force, we see no reason why the modifying words in the deed now before us should be any less effective, under section 329, Rev. Code 1919. This section is identical with section 779, Civ. Code Cal., the adoption of which abolished the rule in Shelley's Case in California. It is as follows:

"When a remainder is limited to the heirs, or heirs of the body, of a person to whom a life estate in the same property is given, the persons who, on the termination of the life estate, are the successors or heirs of the body of the owner for life, are entitled to take by virtue of the remainder so limited to them, and not as mere successors of the owner for life."

But it may be objected that the remainder-men were neither named nor designated in the granting clause in the deed, and therefore, under the authority of Barbour v. Finke, supra, no remainder was granted or limited by the deed. It is true that, in the granting clause, the property is conveyed to Louisa M. M. Janisch, grantee. The deed, however, proceeds: "Said grant and conveyance to the said Louisa M. M. Janisch shall be to and for her during the term of her natural life and, upon her death, the fee-simple title herein shall be vested in equal shares in each of the living heirs of her body at that time." This language explains and refers back to the said grant to the said Louisa M. M. Janisch in the granting clause.

Furthermore, the doubt, if any, remaining as to the grantor's intention to convey to Louisa M. M. Janisch a life estate, and to convey to the heirs of her body living at the time of her death the fee-simple title, subject to such life estate, would be removed by the closing sentence of the deed. There, following the words "upon her death the fee-simple title herein shall be vested in equal shares in each of the living heirs of her body at that time," occur the words: "To be determined in the manner provided by the law in the termination of life estate."

While there are points of similarity between the deed in the Finke Case and the deed now before us, their points of difference not only outnumber; but outweigh, them. In that case, after pointing out the hopeless irreconciliability of the various clauses in the

second paragraph of the deed, we said: "Whatever his [the grantor's] secret intention, the language he used in that doubtful second paragraph was so inapt and lacking in clearness that we cannot permit it to control the 'clear and distinct limitation' [section 531, Rev. Code 1919] of the first and third paragraphs. The security of titles demands, in the interpretation of grants, the application of those rules of which section 531 is one."

Compared with the deed in the Finke Case, the deed in the case at bar, while no model for the conveyance of a life estate with remainder over to the heirs of the body of the life tenant, expresses much more clearly that intent. Yet, though in that case we construed the deed as vesting in the first taker a fee-simple estate, while in this case we construe the deed as vesting in the first taker a life estate with remainder over to the heirs of her body living at the time of her death, the rule of construction is the same, following Long v. Molden, supra; Brown v. Brown, supra; Gordon v. Cadwalader, supra; 8 R. C. L. 1035, § 91. There we were compelled by the irreconcilability of the language to apply section 531, Rev. Code 1919. Here we apply the rule of construction that a grant is to be interpreted in the same manner as any other contract (section 530), so as to give effect to the intention of the parties, if that intention can be ascertained (section 866); and, for the purpose of ascertaining that intention, "the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable each clause helping to interpret the others" (section 871). See, also, Combs v. Fields, 211 Ky. 842, 278 S. W. 137; Barnett v. Barnett, 104 Cal. 298, 299, 37 P. 1049; 18 C. J. 252.

■ Having determined that there was granted to Louisa M. M. Janisch, the mortgagor, a mere life estate, the problem of determining the second question presented by this appeal becomes more complicated. That question is: Could she mortgage that life estate? The provision in the deed claimed to restrict that power is as follows: "Subject to condition that the said described property shall not be mortgaged or incumbered, but that the title thereto shall remain clear and free of incumbrance."

Section 293, Rev. Code 1919, is as follows: "Conditions restraining alienation, when repugnant to the interest created, are void." It is well established as a general principle that, where a legal estate in fee simple is granted, a clause in the deed which is

in restrant of alienation is void, as being repugnant to the estate created. Thompson on Real Property, § 2007. The principle is not so well established where the estate created is a legal life estate. The principle as to life estates is variously stated thus:

"A life estate is alienable * * * and, although there is authority to the contrary, general restraints against the alienation of such an estate are void; but * * * a provision in the instrument creating such an estate, that in the event of an attempted alienation it shall go over to some third person is valid." 21 C. J. 940.

"A provision attached to the creation of a legal estate for life, not that it shall or may terminate upon its voluntary transfer, but declaring in effect that such a transfer shall be nugatory, is invalid." Tiffany on Real Property (2d Ed.) vol 3, p. 2313, § 592.

See Henderson v. Harness, 176 Ill. 302, 310, 52 N. E. 68, 70; Streit v. Fay, 230 Ill. 319, 82 N. E. 648, 120 Am. St. Rep. 304; Lee v. Oates, 171 N. C. 717, 88 S. E. 889, Ann. Cas. 1917A, 514, cited in 8 R. C. L. 1115, §§ 174, 175, 176, "Deeds"; McCleary v. Ellis, 54 Iowa, 311, 6 N. W. 571, 37 Am. Rep. 205.

Of course, it is well settled that a life tenant ordinarily can mortgage his life estate. Hutchinson v. Maxwell, 100 Va. 176, 40 S. E. 655, 57 L. R. A. 384, 93 Am. St. Rep. 944; Thompson on Real Property, § 745. Such life estate is subject to execution. Swan v. Gunderson, 51 S. D. 588, 215 N. W. 884. Inasmuch as the life estate was actually vested in Louisa M. M. Janisch, and not in some trustee for her benefit, and inasmuch as there is no provision that Louisa M. M. Janisch shall lose her interest through an attempted alienation, but, on the contrary, she is to have it for life, we conclude that the provision against alienation is repugnant to the interest created by the deed, and is void.

Louisa M. M. Janisch therefore owned, not a fee-simple estate, but a life estate. All that she could mortgage was this life estate. The mortgage which she signed, and which was foreclosed, purports to mortgage the fee-simple estate. By the purchase on foreclosure sale, respondent Crane-Johnson Company acquired only the right to a conveyance of the estate which she could mortgage; that is, to a life estate. It is entitled to a conveyance of that life estate. The remaindermen have a right to object to the issuance of a deed which would do injury to their inheritance. Section 349, Rev. Code 1919. The right of a re-

mainderman to come into equity for the protection of his interest in realty, where the property in the hands of a life tenant is in danger of loss, deprivation, or injury, is firmly established. Newport v. Hatton, 195 Cal. 132, 231 P. 937; 21 C. J. 967.

The demurrer to the complaint was properly overruled. The order should be and is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.