No. 5881.

M. L. OPPENHEIMER *v.* M. HALFF & BRO.

1. SALE OF GOODS—DEBTOR AND CREDITOR—FRAUD.—A debtor in failing circumstances has the right to prefer a creditor, and to this end to sell out to him his entire stock of merchandise; if the goods thus transferred in payment are not of value more than the debt, no fraud is perpetrated provided the only purpose of the creditor who receives payment in this manner, is to collect his debt.

2. SAME.—If, however, the merchandise thus conveyed, exceeds in value the sum due, and the creditor being aware of this fact, and of the debtor's insolvency, pays to the creditor a sum of money to induce the transfer, whereby other creditors are prevented from enforcing their claims against so much of the goods as are not necessary to pay the preferred creditor's claim, then the conveyance should be deemed fraudulent, and the entire transaction void as to other creditors.

3. SAME—ATTACHMENT—MEASURE OF DAMAGES.—In determining the liability of the purchasing creditor, in a suit by other creditors, if the purchase be deemed fraudulent, the value of the goods transferred in payment of the preferred claim at the time of their transfer and conversion, is the measure of the preferred creditor's liability and not the sum realized afterwards from their sale.

APPEAL from Maverick. Tried below before the Hon. D. P. Marr.

The opinion states the case.

*P. H. Ward* and *W. Kelso*, for appellant, on their proposition that the appellees having admitted on the trial that they purchased with the knowledge of Burkhardt's insolvency, and of his indebtedness to other creditors; and as the bill of sale recited the payment of one thousand dollars in addition to the extinguishment of the debt of seven thousand nine hundred and sixty-eight dollars and sixty-two cents, the sale was fraudulent as to other creditors, regardless of the value of the goods, and if so the charge given was erroneous, cited McKinnon & Van Meter v. Reliance Lumber Company, 63 Texas, 30; Greenleve, Block & Co. v. Blum, 59 Texas, 126; Bump on Fraudulent Conveyances, 235, 223, 224, 225, note 3, 244, 219; Banfield v. Whipple, 14 Allen, 13; Giddings v. Sears, 115 Massachusetts, 507; Covanhovan v. Hart, 21 Pennsylvania State, 495; Wait on Fraudulent

Conveyances, 390; Crawford v. Kirksey, 55 Alabama, 286; same case, 28 American Reports, 711. See the editor's note to case of Crawford v. Taylor, 26 American Decisions, 584.

As to the effect of the payment of one thousand dollars, they cited Kessam v. Edmondston, 1 Iredell's Equity, 183; Wait on Fraudulent Conveyances, 270; Bump on Fraudulent Conveyances, 225.

*Simpson & James, Cocke, Denman & Franklin* and *Tugwell & Hancock,* for appellees, that the question of fraud was one of fact for the jury and not of law, cited Scott v. Alford, 53 Texas, 92, and cases cited.

That the thousand dollars paid was a bonus, and intended as a provision for the debtor's family and could not vitiate the transfer, they cited Seligson v. Brown, 61 Texas, 182; Schneider & Davis v. Sansom, 62 Texas, 203; Greenleve, Block & Co. v. L. & H. Blum, 59 Texas, 124; Ellis v. Valentine et al., Texas Law Review, February 16, page 97; Hobbs v. Davis, 50 Georgia, 214.

STAYTON, ASSOCIATE JUSTICE. F. Burkhardt, a merchant, was indebted to the appellees in the sum of seven thousand nine hundred and sixty-eight dollars and ninety-two cents, and they, knowing of his insolvency and indebtedness to other persons, bought his entire stock of merchandise. The consideration for this purchase was the satisfaction of the debt held by appellees and one thousand dollars, which they paid to Burkhardt in cash. There is much evidence tending to show that the merchandise was of value greater than the sum paid for it; but there is evidence tending to show that it was not worth more than the sum due the appellees by Burkhardt.

After the purchase by appellees, and while they were in possession of the property, the appellant, who was a creditor of Burkhardt, brought an action to recover the debt due to him and caused an attachment to be levied on a part of the goods conveyed by Burkhardt to the appellees. This proceeding was instituted by the appellees to try the right of property.

Appellees admit that at the time of their purchase they knew that Burkhardt was insolvent and indebted to other creditors. Appellant contends that the purchase by appellees with such knowledge, and the giving of one thousand dollars in cash as a part of the consideration, rendered the sale fraudulent as to other creditors. Appellees contend that, notwithstanding the

purchase by them, with such knowledge, and the payment of one thousand dollars in cash in addition to the extinguishment of their debt, the sale was not fraudulent as to the other creditors, because they received no more goods than were reasonably required to satisfy the debt, and that therefore Burkhardt's other creditors were not prejudiced by the sale; and that the one thousand dollars in cash was given as an inducement or bonus to obtain the preference over other creditors.

It appears that the appellees insisted upon having the merchandise in payment of their debt, but that Burkhardt refused to convey on this consideration and insisted upon having one thousand dollars more for the support of himself and family, which was paid, and the sale consummated.

The court below instructed the jury as follows: "If the jury believe from the evidence that said transfer was made by Burkhardt, before the levy, to the claimant, in satisfaction and payment of a debt or debts at that time existing and due from said Burkhardt to the claimants, and if the latter acted in good faith in the transaction, then the jury will find for the claimants, who are defendants, unless the jury believe, from the evidence, that the claimants by said transfer obtained more property of the debtor than was, under all the circumstances of the case (which relate to the value of the goods and the mode and cost of realizing the debt therefrom), reasonably required to discharge their debt." It is urged that this charge was erroneous. The charge states correctly an abstract rule of law, and when considered in connection with the part of the charge that immediately followed was not calculated to mislead, though it may not have clearly presented the very point which the plaintiff desired to have the jury pass upon.

The part of the charge that followed was: "If the jury believe from the evidence that the claimant obtained by the transfer more goods or property than was reasonably required to satisfy their claim against Burkhardt, taking into consideration all the facts and circumstances of the sale, the value of the goods in the market, and the expense or probable expense of or costs of claimants realizing their debt or claim out of the goods, then the jury should find for the plaintiff, otherwise they will find for the claimants unless the transfer was fraudulent under the law and the evidence, as before explained to you by the court." The court had also instructed the jury generally

and correctly as to the character of conveyances which are deemed fraudulent to creditors.

The last part of the charge quoted, in effect, contained the proposition for which the appellant contends, and denies that asserted by the claimants. If the appellant desired a charge more pointedly presenting the question, a proper charge should have been asked. This we find was done, and the charge refused, but the action of the court in refusing this charge is not presented by an assignment of error insisted on in the brief of counsel.

The debtor had the right to prefer his creditors to whom he sold, and to pay the debt due to them by conveying to them his entire stock of goods; and, if in fact the goods received by the creditors were not of value more than the debt, then no fraud was perpetrated if the sole purpose of the creditors in taking the conveyance was to collect the debt due them.

If, however, the merchandise conveyed, clearly exceeded in value the sum due, and the creditors, knowing this fact and that the debtor was insolvent and had other creditors, paid to the debtor a sum of money to induce him to make the conveyance to them, whereby other creditors were to be prevented from enforcing their claims against a part of the property not necessary to pay the creditors' claims, then the conveyance ought to be deemed fraudulent; for through it, in such case, the creditors would enable and assist the debtor to put out of his hands property held by him open to observation and subject to execution, and at the same time to retain the value of a part of it in money, which, while subject to execution, is easily hidden and often difficult to reach.

The effect of such a transaction would be as hurtful to other creditors as though the preferred creditor had first taken from an insolvent debtor enough of his property to pay the debt due to him, and afterwards paid money for the residue, to enable the debtor to place it beyond the reach of other creditors. As to creditors, the law declares all sales made by an insolvent debtor, for money, fraudulent, where the purchaser knows, or ought to know, that the sale is made by the debtor for the purpose of putting the property sold beyond the reach of creditors; and when this is the effect of a sale as to a part of the property where a creditor is the purchaser, the rule will reach the transaction, however it may be disguised; and the whole transaction, if an entirety, will be held void as to creditors.

The law gives to the creditor sufficient protection when it allows him to acquire an honest preference by the purchase of property from the debtor in good faith, in payment of the sum due him; and when the right to do this is made a pretext to place beyond the reach of other creditors property legally subject to their claims, and not necessary to the payment of his, the law will not undertake, in an entire transaction, to separate the valid from the invalid, but the whole transaction, as to other creditors will be held invalid.

The charges referred to in the second and third additional assignments of error were properly refused. The first of these would make the sale void if the appellees paid Burkhardt one thousand dollars, without reference to whether the intention of the parties to the sale was fraudulent, or its effect such as the law forbids, and the other would have precluded any inquiry as to the consideration actually paid, which is a matter that may ordinarily be shown. The claimants were permitted to prove what sum they received from the sale of the goods, and so without showing that they brought their fair market value.

The goods were sold after they were seized under the writ of attachment sued out by the plaintiff, and we are of the opinion that the evidence should have been excluded. In so far as the value of the merchandise was material, the value at the time the plaintiffs purchased was the true inquiry, and not their value at some subsequent time. This was a matter doubtless susceptible of proof, and the very issues raised in this case illustrate the impropriety of admitting proof of the sum for which the claimants sold the goods. It became to their interest, under their view of the case, to sell the goods for a sum not exceeding that due to them by Burkhardt, and thus establish, if it could be done in that way, that other creditors were not hindered, delayed, or defrauded by the transaction.

It may have been thought advantageous to the claimants to sell the goods for less than their real value, and thus show that they were not worth more than the sum due them, rather than to sell them for their full value and thus show that they were worth more, and expose them to the claims of other creditors. The court admitted the evidence as tending to show the real value of the goods and to show good faith in the claimants. The evidence, unless it had gone further, was not admissible for the purpose first named, and the claimants were not in a position to show good faith in their purchase in this way.

For the admission of this evidence the judgment will be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*