## J. BAVOUSET v. O. L. YORK ET AL.

Delivered March 26, 1898.

**Fraud—Right of Subsequent Creditors to Complain Of.**

Subsequent creditors can not complain of a deed of trust by the debtor for certain of his creditors as being fraudulent, and in attaching a fraudulent conveyance must allege they were creditors at the time of its execution.

APPEAL from Palo Pinto. Tried below before Hon. W. G. NEWBROUGH.

*W. P. Gibbs* and *H. E. Bradford,* for appellant.

*Sam A. Leake,* for appellees.

TARLTON, CHIEF JUSTICE.—M. T. Bruce & Co. executed a deed in trust transferring certain merchandise to R. Anderson, trustee, and the latter executed a bill of sale transferring a certain portion of this merchandise to J. Bavouset, the appellant. While the goods were in the possession of the appellant, one of the appellees, the sheriff of Palo Pinto County, seized them at the instance of Lichtenstein Bros. Co., who, subsequent to the execution of the deed in trust, had caused the issuance of a writ of attachment against M. T. Bruce & Co. Before the sheriff levied the process, he exacted of Lichtenstein Bros. Co. the execution of an indemnity bond, which was accordingly provided, with A. Harris and S. Marcus as sureties, who with the sheriff are appellees herein.

Bavouset instituted this suit to recover the value of the goods seized by the sheriff and sold under the attachment process, alleging ownership in himself and conversion by that officer. The defense interposed was that the trust deed was executed in fraud of creditors, as was the sale by Anderson, the trustee, to the plaintiff.

Both the pleadings and the evidence fail to disclose that at the date of the trust deed Lichtenstein Bros. Co. were creditors of M. T. Bruce & Co. This defect, adequately complained of by the appellant, is in our opinion fatal to the defense urged against the plaintiff's suit; for if Lichtenstein Bros. Co., at whose instance the sheriff seized the property, and who thus caused it to be sold, were not creditors of M. T. Bruce & Co. at the date of the execution of the deed in trust, they could have no interest in the transaction or transactions whereby the title to the property was placed in the appellant, whether those transactions were fair or fraudulent.

Hence, we feel constrained to reverse the judgment and remand the cause, and it is so ordered.

*Reversed and remanded.*