MARTIN v. JOURDANTON MERCANTILE
CO. (No. 5645.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1916.)

1. FRAUDULENT CONVEYANCES ⊕⇒298(1)—ACTION TO SET ASIDE—SUFFICIENCY OF EVIDENCE.

In a suit for damages from the conversion of two mules, etc., alleged to be the property of the plaintiff, evidence *held* not to sustain a finding that a sale by defendant's debtor to plaintiff was made with intent to defraud his creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 892; Dec. Dig. ⊕⇒ 298(1).]

2. TROVER AND CONVERSION ⊕⇒40(6)—EVIDENCE—VALUE OF PROPERTY.

In an action for conversion defended on the ground of the fraudulent conveyance of property to plaintiff by defendant's debtor, where there was no evidence of the value of the property at the time of the conveyance, its value was not shown to exceed the amounts of the three debts canceled on its sale to plaintiff.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 241–243; Dec. Dig. ⊕⇒40(6).]

3. FRAUDULENT CONVEYANCES ⊕⇒121 — RIGHTS OF PURCHASER.

A creditor could lawfully purchase of his debtor sufficient property to pay the debt due him and to pay off the claims of a lien creditor and another creditor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 385–391; Dec. Dig. ⊕⇒121.]

4. FRAUDULENT CONVEYANCES ⊕⇒208 — SETTING ASIDE—VALUE OF PROPERTY.

Where it did not appear that a debtor's sale was made with intention to pass absolute title, future creditors could not set it aside on the ground that more than was reasonably necessary to pay the debts provided for in the transaction was conveyed.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. ⊕⇒208.]

5. FRAUDULENT CONVEYANCES ⊕⇒298(4)—ACTION TO SET ASIDE—EVIDENCE.

In a suit for damages for the conversion of mules, etc., wherein defendant contended that any sale to plaintiff by its debtor was in fraud of creditors, evidence *held* insufficient to show the debtor's intent to shield his property from future debts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 895; Dec. Dig. ⊕⇒ 298(4).]

6. FRAUDULENT CONVEYANCES ⊕⇒208 — RECORD—EFFECT.

When a conveyance has been promptly recorded, creditors whose claims arise thereafter cannot attack it as fraudulent.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 631, 633; Dec. Dig. ⊕⇒208.]

Appeal from Atascosa County Court; Walter E. Jones, Judge.

Suit by George M. Martin against the Jourdanton Mercantile Company. Judgment for defendant, and plaintiff appeals. Reversed, and cause remanded.

R. R. Smith, of Jourdanton, for appellant. W. M. Abernethy, of Jourdanton, for appellee.

MOURSUND, J. George M. Martin sued the Jourdanton Mercantile Company for $545, as actual damages suffered by reason of the conversion of two mules, one horse, and three hogs, alleged to have been the property of plaintiff. Plaintiff also sought to recover $400 as exemplary damages. Defendant answered by general denial, and a special answer to the effect that the property in question was not owned by plaintiff or in his possession when seized, on or about March 9, 1914, by the sheriff by virtue of a valid writ of attachment issued out of the justice's court of precinct No. 1 of Atascosa county; that at said time said property was owned by and in possession of Lon W. Marshall; that said property was sold by the sheriff by due course of law and the proceeds or a part thereof applied to the satisfaction of a valid judgment which defendant had obtained and held against said Lon Marshall. Defendant further alleged that, if there ever was a sale by Lon W. Marshall to plaintiff of the property described in his original petition, such sale was only pretended and simulated, and made with the intention of hindering, delaying, or defrauding the creditors of said Marshall; that at the time of the said pretended sale, if any was made, said Marshall was notoriously insolvent and was being hard pressed by his creditors, and this fact was well known to plaintiff, or at least plaintiff had knowledge of facts and circumstances sufficient to give an ordinarily cautious man notice and place him upon inquiry as to the fraudulent intentions of said Marshall in making the sale. These allegations were denied by plaintiff. The trial resulted in a verdict and judgment for defendant.

[1] Appellant contends that a verdict should have been instructed for him for the actual damages sued for.

On November 28, 1912, S. B. Hethcock obtained a judgment in the district court of Atascosa county against Lon W. Marshall for $568.33, with 10 per cent. interest thereon from date of judgment, and for foreclosure of a mortgage lien on certain horses, mules, vehicles, harness, tools, etc. On December 27, 1912, said judgment was corrected so as to include in the list of property covered by the lien four wagons and six double buggies which had been omitted by mistake in drafting the first judgment. On December 14, 1912, Lon W. Marshall executed to Martin a bill of sale, whereby, for the recited consideration of $700 to him paid and the assumption of the mortgage lien thereon, he sold to Martin the personal property described in said corrected judgment. This bill of sale was filed on December 14, 1912, and duly recorded. Martin testified that the $700

mentioned was paid by his paying a $185 debt of Marshall and canceling a debt due him by Marshall for the remainder. Hethcock, on January 7, 1913, sold and transferred such judgment to plaintiff, Geo. M. Martin, in consideration of $773.33.

On January 18, 1913, Martin executed a power of attorney authorizing Marshall to sell said property for cash or "approved bankable paper" to be deposited to Martin's credit at Atascosa County State Bank. On February 18, 1913, Martin and Marshall executed a "lease contract" by which Marshall leased from Martin for one year a portion of the animals and vehicles described in said judgment.

The statement of facts contains two writs of attachment, one issued and levied on January 21, 1914, and the other on January 23, 1914, issued out of justice's court of precinct No. 1, Atascosa county, in causes Nos. 700 and 702, styled Jourdanton Mercantile Company v. Lon Marshall, and both levied upon the property described in plaintiff's petition.

The two mules and sorrel horse sued for by plaintiff are mentioned in the lease contract. The three hogs are not mentioned therein. The testimony of Martin and Marshall was to the effect that the mules sued for are two of those described in the judgment and bill of sale. The horse and hogs were obtained in exchange for some of the property described in the judgment and bill of sale. It appears from Marshall's testimony that, after the execution of the lease contract, he purchased a portion of the property therein described from Martin for $200 after taking the benefit of the bankruptcy law. Both Martin and Marshall testified positively that the property sued for was owned by Martin. The evidence fails to show that the Jourdanton Mercantile Company was a creditor of Marshall's at the time of the sale by him to Martin of the property, and in fact fails to show when such company became a creditor, or that it ever became a creditor, because such indebtedness cannot be inferred from the mere fact that it brought two suits against him and procured the issuance of an attachment in each suit. The evidence also fails to show that Marshall, at the time he executed the bill of sale, had any other creditors than Hethcock, Martin, and the one whose claim was paid by Martin, and fails to show that Hethcock had any other claim than the one assumed by Martin.

Appellee has called our attention to a statement in the corrected judgment in favor of Hethcock, to the effect that the judgment of November 28, 1912, be corrected in so far as it relates to the personal property, but "in no respect to affect the remaining part of said decree relating to real property and fixtures." In copying the original judgment, the portion relating to real estate was omitted. We fail to see how the statement above quoted can be accepted as proof that there was a forclosure of a lien upon Marshall's real property as stated by appellee. But if there was, the fact remains that there is no evidence from which it could be found that the land was of insufficient value to pay the judgment. Marshall took the benefit of the bankruptcy act, but the record does not disclose when he made his application, and it cannot be inferred that it was on account of debts existing at the time the bill of sale was made. Appellee, to substantiate its contention that Martin knew that Marshall was insolvent, quotes from Martin's testimony as follows:

"I did not think that I would lose anything on the deal, and partly, though I did not mention it to him, to help Lon Marshall."

Martin knew that Marshall was financially embarrassed, of course, for he knew he was unable to pay Hethcock, and that his property would be sold under an order of sale to satisfy such debt, and he decided to help him by buying the property; there being no danger of loss. But this testimony does not show that Martin knew of any creditors whose interests would be affected by his purchase of the property. We do not see how the evidence can be said to support a finding that the sale was made with intent to defraud creditors, and that Martin knew of or was chargeable with notice of such intent, when the evidence fails to show any creditor at that time whose interest was affected by the sale.

[2] It is also to be noted that the value of the property was not shown to exceed the amounts of the three debts provided for in the sale to Martin, for there is no evidence of the value of the property at the time of the conveyance. Oppenheimer v. Halff & Bro., 68 Tex. 413, 4 S. W. 562. The only evidence relied on by appellee on this issue is that showing the amounts for which portions of the property were sold at various times after such sale.

[3] There can be no doubt that Martin could lawfully purchase sufficient property to pay the debt due him, and also sufficient to pay off the claims of the lien creditor and the creditor whose claim for $185 was paid by Martin. Frees & Son v. Baker, 81 Tex. 216, 16 S. W. 900, 13 L. R. A. 340; Sanger Bros. v. Colbert, 84 Tex. 668, 19 S. W. 863; Thompson v. I. & G. N. Ry. Co., 45 Tex. Civ. App. 285, 100 S. W. 197; Elser v. Graber, 69 Tex. 222, 6 S. W. 560; Shoe Company v. Partridge, 82 Tex. 329, 18 S. W. 310. The evidence fails to show that Marshall was to benefit by the transaction at the expense of his creditors, for it does not show that he got anything at all out of the deal, except the satisfaction of canceling the indebtedness due by him to three persons.

In the case of Maffi v. Stephens, 49 Tex. Civ. App. 359, 108 S. W. 1010, relied upon by appellee, this court said:

"It is probably true, also, that when a debtor conveys property to pay a creditor, but conveys more than is reasonably sufficient for the purpose, the setting aside of the conveyance will be solely for the benefit of his creditors he had at the time of the conveyance, provided the conveyance was made with the intention to pass absolute title to the property as distinguished from an intention to shield it, or a part of it, from creditors. If there exists the latter intent in such a transaction, future creditors, as well as existing ones, may have the conveyance set aside as fraudulent."

[4] In this case the evidence fails to sustain a finding that the sale was merely simulated, and we do not find any contention in appellee's brief to that effect. As the evidence does not justify a finding that the sale was not made with intention to pass absolute title, future creditors could not set it aside, upon the ground alone that more than was reasonably necessary to pay the debts provided for in the transaction was conveyed. But, as has been pointed out, the evidence fails to show that more than was reasonably necessary was in fact conveyed.

[5] Appellee did not plead that the conveyance was made with intent to shield his property from future debts, and the evidence is insufficient to show such intent. The rule laid down in the cases of Dosche v. Nette, 81 Tex. 269, 16 S. W. 1013, Cole v. Terrell, 71 Tex. 550, 9 S. W. 668, and Rives v. Stephens, 28 S. W. 707, cannot be applied.

[6] In addition, it is stated that as a general rule when a conveyance has been promptly recorded creditors whose claims arise thereafter cannot attack the conveyance as fraudulent. Lewis v. Simon, 72 Tex. 470, 10 S. W. 554; Matula v. Lane, 56 S. W. 112; Lehmberg v. Biberstein, 51 Tex. 457; Hodges v. Taylor, 57 Tex. 199; Bavouset v. York, 18 Tex. Civ. App. 428, 46 S. W. 61.

The remaining assignments, except the fourth, relate to the sufficiency of the evidence and must be sustained for the reasons above set out. The fourth complains of the failure to give a special charge, which would have had the same effect as a peremptory instruction if it had been given and followed by the jury. Upon another trial the facts will be more definitely developed, and it would serve no useful purpose to prolong this discussion.

The judgment is reversed, and the cause remanded.