**KIDD et ux. v. YOUNG et al.**
No. 5659.

Court of Civil Appeals of Texas. Amarillo.
Jan. 2, 1945.

Rehearing Denied Jan. 29, 1945.

W. F. Nix, of Amarillo, for appellants.

P. B. Randolph and Chas. H. Dean, both of Plainview, for appellees.

STOKES, Justice.

On September 21, 1931, by general warranty deed, the appellees, R. B. Mitchell and his wife, Anna J. Mitchell, conveyed to their son, C. B. Mitchell, and their

daughter, Edna Lucille Mitchell, three hundred twenty acres of land in Hale County for a recited consideration of ten dollars and the assumption of the unpaid balance of a loan of $4400 owing to the Federal Land Bank of Houston. Within a few months thereafter the son, C. B. Mitchell, married the appellant, Louise Kidd; and the daughter, Edna Lucille. became the wife of Virgil Young. On July 29, 1934, C. B. Mitchell died, leaving a last will and testament in which he devised his entire estate to his surviving wife and designated her as independent executrix. The will was duly admitted to probate on September 3, 1934. Sometime after the death of C. B. Mitchell, his surviving wife Louise married her present husband, the appellant, William Lee Kidd. About February 1, 1944, Virgil Young approached the appellant, Louise Kidd, and requested her to sign a quitclaim deed to the land that had been conveyed to her former husband by the appellees, which she declined to do. She thereupon instituted an investigation of the title and on July 20, 1944, joined by her husband, William Lee Kidd, she filed this suit in the form of trespass to try title against the appellees, R. B. Mitchell and wife, Anna J. Mitchell, Edna Lucille Young and her husband, Virgil Young, in which she sought to recover an undivided half interest in the three hundred twenty acres.

Appellees, Edna Lucille Young and her husband, filed a disclaimer in which they renounced any claim, right, or interest in the land and alleged that whatever interest that might appear in the name of Edna Lucille Young belonged, in fact, to her mother, Anna J. Mitchell. The appellees, R. B. Mitchell and Anna J. Mitchell, filed a plea of not guilty and alleged that the deed executed by them on September 21, 1931, although absolute upon its face, was encumbered with a parol trust; that prior to the execution of the deed it was agreed between R. B. Mitchell and his wife, on the one part, and their son and daughter, on the other part, that in order to protect and provide for their mother, Anna J. Mitchell, in her old age, the land would be conveyed to the grantees in trust, to be held by them until such time as the mother requested a conveyance either to herself or to someone else, at which time they would execute such conveyance as might be necessary to comply with her wishes, and that the deed to C. B. and Edna Lucille was

executed and delivered in compliance with that agreement.

In a supplemental petition appellants denied the trust but alleged that if a parol trust was engrafted upon the deed, it was fraudulent and unenforcible because at the time of its execution R. B. Mitchell owed to other parties large sums of money which he could not pay and the deed was executed, and the trust created, for the purpose of hindering, delaying, and defrauding his creditors.

At the close of the testimony appellees urged a motion for a peremptory instruction, which was refused by the court and the case was submitted to the jury upon special issues, only one of which is pertinent here. Under it the jury found that by executing the deed of September 21, 1931, R. B. Mitchell intended to delay his creditors in the collection of their claims. Appellants filed and urged a motion for judgment upon the verdict, and the appellees filed and presented their motion for judgment non obstante veredicto. The latter was sustained by the court and judgment was entered denying appellants any recovery and awarding to the appellees a writ of restitution.

Appellants filed a motion for a new trial, which was overruled, whereupon they duly excepted to the judgment, gave notice of appeal, and present the case in this Court upon nine assignments or points of error. We think the case is controlled by two contentions presented by appellants and that it will not be necessary to discuss the other assignments. They contend, first, that the appellee, R. B. Mitchell, was insolvent when he and his wife executed the deed of September 21, 1931, conveying the land to C. B. Mitchell and Edna Lucille Mitchell; that, as a matter of fact, the deed was executed in fraud of the creditors of R. B. Mitchell and therefore the alleged trust was void and of no force or effect; secondly, that the court erred in permitting the appellees, R. B. Mitchell and Edna Lucille Young, to testify, over objection, to the conversation and agreement with C. B. Mitchell, deceased, concerning the parol trust, because it was in violation of the provisions of Article 3716, R.C.S.1925, commonly known as the "death statute."

The testimony was undisputed that before R. B. Mitchell and his wife executed the deed of September 21, 1931, they talked over the matter with their children, C B.

and Edna Lucille; that it was agreed between them that the father and mother would convey the three hundred twenty-acre tract of land to C. B. and Edna Lucille and that they would hold the legal title for the benefit of their mother, Anna J. Mitchell; that R. B. Mitchell would remain in possession of the land, pay the taxes thereon and also the semiannual instalments on the Federal Land Bank loan; and that, upon request at any time thereafter, C. B. and Edna Lucille would convey it either to their mother, Anna J. Mitchell, or to any person to whom she might sell it or request that it be conveyed. The uncontroverted testimony also showed that R. B. Mitchell remained in possession of the land throughout and that he, on behalf of his wife, Anna J. Mitchell, carried out these agreements at all times thereafter and that neither C. B. Mitchell nor Edna Lucille ever took possession or used the land in any way.

█ The effect of the conveyance under the agreement thus entered into was to engraft upon the deed a parol trust in favor of Anna J. Mitchell. It has been held by the courts of this State in a number of cases that such a trust may be created by parol and engrafted upon a deed absolute upon its face and therefore, unless the transaction was void for some other reason, C. B. Mitchell and Edna Lucille Young, nee Mitchell, held the land thereafter under a valid express trust. Robinson v. Faville, Tex.Civ.App., 213 S.W. 316; Tieman v. Dyer, Tex.Civ.App., 114 S.W.2d 669, and authorities therein cited.

█ Appellants do not challenge the right of an owner of land at that time to convey it by deed absolute upon its face and engraft upon it a parol trust, but they contend that the parol trust which appellees claim was engrafted upon the deed here involved was void because at the time it was executed, R. B. Mitchell was indebted to other parties in a large sum of money which he was unable to pay and that the alleged parol trust was void because the transaction was in fraud of the creditors of R. B. Mitchell. If the trust was void for the reason asserted by appellants, it was so only in so far as it violated the provisions of Article 3996, Vernon's Ann.Civ.St., which provides that every gift, conveyance, assignment, or transfer of real estate executed or given with intent to delay, hinder, or defraud creditors shall, as to such creditors, their representatives or assigns, be void. Appellants are not creditors of the appellees nor of either of them. The evidence is undisputed that neither R. B. Mitchell nor his wife was ever indebted to the appellants, Louise Kidd or her husband, in any sum whatever and they therefore had no right to attack the deed or the parol trust upon the ground of fraud. By the terms of the statute, if the transaction was fraudulent and void, it was so only as to the creditors of the grantor and they alone, or their assigns, had the right to attack it upon that ground. De Garca v. Galvan, 55 Tex. 53; Bavouset v. York, 18 Tex.Civ.App. 428, 46 S.W. 61; Sullivan v. Fant, 51 Tex.Civ.App. 6, 110 S.W. 507; Hutchison v. McCord-Collins Commerce Co., Tex.Civ.App., 46 S.W. 657; B. C. Evans Co. v. Guipel, Tex.Civ.App., 35 S.W. 940; Allen v. Crutcher, Tex.Civ.App., 216 S.W. 236; David v. State Bank of Groom, Tex.Civ.App., 238 S.W. 979; Douglas v. First Nat. Bank of El Dorado, 120 Tex. 631, 40 S.W.2d 801.

█ Counsel for appellants presents a very able argument upon the proposition that where property is conveyed to a grantee in order to place it in the name of another for the fraudulent purpose of defeating the creditors of the grantor and placing the property beyond their reach, the grantor cannot recover the property in a suit against the grantee for that purpose. In support of the contention counsel cites us to the case of Eastham v. Roundtree, 56 Tex. 110, and many other cases of like import. It is a sufficient answer to this contention, we think, to say that appellees are not seeking upon this appeal to sustain a judgment in which they recovered the land under those circumstances. While they prayed in their answer for judgment decreeing to them the title and possession of the land, the judgment entered by the court did not have that effect. It decreed that appellants take nothing by their suit, that the appellees go hence without day, and that they have their writ of restitution. As we have said, the undisputed evidence was to the effect that appellees have never relinquished possession of the land but have held possession of it at all times since the deed was executed on September 21, 1931. They contended at the trial that the deed was encumbered with a parol trust under which C. B. Mitchell, deceased, was obligated to convey the land to Anna J. Mitchell or any other person designated by her at any time she demanded that he do so,

but the judgment of the court did not establish the trust nor vest the legal title in Anna J. Mitchell, and appellees are not complaining of the judgment. The only attack being made on the transaction in which the deed was executed is the attack which appellants themselves are making upon that portion of it which appellees allege constituted a parol trust. According to the authorities we have cited and many others that could be cited, they had no right to attack the parol trust because they were not creditors of the appellees, and since the appellees are not complaining of the judgment which failed either to vest the title in them or specifically to establish the trust, but merely denied appellants any recovery, the authorities cited by appellants are not in point.

To uphold the contention of appellants that they are entitled to a judgment decreeing the land to the appellant, Louise Kidd, would be to sanction the proposition that an agent or trustee through whom a gift of property is sought to be effectuated is entitled to have the gift declared void and the title confirmed in him upon the sole ground that in executing the deed the grantor had perpetrated a fraud upon other persons who were entire strangers to the transaction. If a fraud was perpetrated in the transaction of September 21, 1931, the grantee, C. B. Mitchell, was as much a party to it as the appellees and to permit appellants now to recover the title and possession of the land for themselves would be tantamount to assisting them in gathering up and garnering the fruits of what they contend was a fraud perpetrated upon other parties, to which C. B. Mitchell, whose place they now occupy, was a party. The effect of the judgment of the court below was to leave the parties in the position in which it found them, and that was as far as the courts will go in such matters. Since appellees already had possession of the land, the writ of restitution awarded to them was wholly unnecessary and ineffectual. Other than the awarding of such writ, the judgment simply denied appellants any recovery. In our opinion, no error was committed by the court in doing so, and appellants' assignments of error concerning these matters will be overruled.

■ Under their second contention appellants assign error of the court in permitting appellees, R. B. Mitchell and Edna Lucille Young, to detail the conversation had between appellees and C. B. Mitchell, deceased, prior to the execution of the deed, in which it was agreed that the grantees would take and hold the legal title to the land in trust for the benefit of their mother, Anna J. Mitchell. Appellants objected to the testimony upon the ground that it was not admissible under the inhibitions of Article 3716, R.C.S.1925. The basis of the objection was that the appellant, Louise Kidd, had brought the suit in her capacity as independent executrix of the last will and testament of her deceased former husband and that as such executrix she was one of the parties enumerated in the statute against whom judgment may be rendered as such. We find no error in the action of the court in this respect. It is true that appellant brought the suit as independent executrix, but she also brought it in her personal behalf and her husband, William Lee Kidd, joined her as plaintiff, for her and in her individual behalf. The will of her former husband was admitted to probate on September 3, 1934, and the record does not show, by either allegation or proof, that C. B. Mitchell owed any debts at the time of his death or that his estate owed any debts or claims whatsoever. Appellant, Louise Kidd, was the sole devisee under the will and she was entitled to recover, if at all, only as such devisee. She was, therefore, not a necessary party to the suit in her capacity as independent executrix. If she desired to show that she was a necessary party in her representative capacity, it was incumbent upon her to allege and prove that the estate of her former husband owed debts. In the absence of such allegation and proof, no judgment could be rendered either in her favor or against her as executrix of the estate. Under the allegations and proof, judgment could only have been rendered for or against her in her individual capacity and therefore she did not come within the inhibition of the statute. Stiles v. Hawkins, Tex.Com.App., 207 S.W. 89; Porter v. Rogers, Tex.Civ.App., 293 S.W. 577; Newton v. Newton, 77 Tex. 508, 14 S.W. 157; Lassiter v. Bouche, Tex.Com.App., 14 S.W.2d 808; Hutto v. Cook, 139 Tex. 571, 164 S.W.2d 513.

■ In addition to the defensive allegations which we have discussed, the appellees also invoked the ten-year statute of limitations, Article 5510, R.C.S.1925, and the judgment entered by the trial court indicates that it was based upon the allegation and proof of ten years' adverse pos-

session by appellee, R. B. Mitchell, for and in behalf of his wife, Anna J. Mitchell. The undisputed evidence showed that, in accordance with the parol agreement entered into between the parties before the deed was executed on September 21, 1931, R. B. Mitchell, for and in behalf of his wife, Anna J. Mitchell, remained in possession of the land, paid all taxes due thereon, paid the instalments on the Federal Land Bank loan as they became due, built fences and other improvements on the land, and used and cultivated it continuously from the time the deed was executed until the suit was filed. It was further shown, without dispute, that he drilled several deep wells on the land in an effort to produce sufficient water for irrigation purposes, some of which were failures but at least one was successful, and that in the latter he installed casing and equipment necessary for its preservation. All of the witnesses testified that at no time did he relinquish possession to the grantees in the deed and that his continuous occupancy, possession, and use thereof were maintained in accordance with the agreement entered into prior to the time the deed was executed. The possession of R. B. Mitchell, therefore, was not adverse to C. B. Mitchell or his surviving wife unless at sometime he manifested his intention to hold adversely to them or to her after her former husband's death. The only incident shown by the record which could have had that effect was that, before the death of C. B. Mitchell, R. B. Mitchell requested him and his wife, together with Edna Lucille, to execute a deed of trust on the land to enable him to borrow from his brother the sum of $3500 and that he told them it was necessary to put up their mother's land as security in order that he might procure the loan. Appellant, Louise Kidd, denied being present at any such conversation or that she knew anything about it. She testified that it was her understanding that the deed of trust was a deed by which the land was being conveyed to the brother of R. B. Mitchell. The testimony of R. B. Mitchell that appellant, Louise Kidd, was present at the conversation and her denial presented a question for the jury, and as it was not submitted to, nor resolved by, the jury, the trial court was not authorized to enter judgment in favor of appellees upon that theory. The jury found that R. B. Mitchell had never repudiated the deed and trust of September 21, 1931, but there was no issue in the case of whether or not the deed and trust had been repudiated. As we understand the briefs, the parties treat that finding as having reference to the question of whether any notice had ever been given to appellant, Louise Kidd, that R. B. Mitchell was holding the land adversely to any claim she might have. The finding was not sufficient to resolve the question of notice but, as we have indicated, appellants were not entitled to recover the land and, since a proper disposition of the controversy was made by the court, the fact that its judgment may have been based upon the wrong theory does not affect it.

We have carefully considered all of the assignments of error and contentions presented by the appellants and, in our opinion, none of them presents reversible error. The judgment of the court below will therefore be affirmed.