## CARL LEHMBERG ET AL. V. A. BIBERSTEIN.

1. FRAUD—FRAUDULENT CONVEYANCE.—As a general rule, a deed cannot be attacked for fraud by a creditor whose claim originates after the execution of the deed, or who acquires the claim with notice of the conveyance.
2. VENUE.—A suit brought to procure a decree to cancel a deed for fraud in its execution, may be properly instituted in the county of defendant's residence, without regard to the locality of the land conveyed.
3. CASES APPROVED.—Vandever *v.* Freeman, 20 Tex., 336, approved.
4. FACT CASES.—See issue of fact, arising on pleading alleging fraud in a conveyance, which should have been submitted to the jury.

APPEAL from Llano.   Tried below before the Hon. W. A. Blackburn.

A. Biberstein, plaintiff below, who was a creditor of and obtained a judgment against the defendant Carl Lehmberg, and had, upon levy and sale under execution of certain lands as the property of defendant, become the purchaser of the same, brought this suit in Llano county, where the defendants lived, to cancel and set aside certain deeds of conveyance of the lands, which were situated in San Saba county. The deeds of conveyance (one from Lehmberg to Pryor, dated October 21, 1875, and one from Pryor, and made at the instance of Lehmberg to his minor children, dated May 14, 1876) were voluntary, and plaintiff alleged they were made, when Lehmberg was in failing circumstances, for the purpose of hindering, delaying, and defrauding his creditors; the prayer for relief being for decree of court to cancel and set aside the deeds of conveyance.

The defendants (except one Haskins, who was a tenant and disclaimed any interest) demurred to plaintiff's petition, answered by general denial, and claimed that the deeds of conveyance were made in good faith, &c.

On the trial, the court overruled defendants' demurrers to plaintiff's petition. The jury found for the plaintiff, and judgment was rendered in accordance with the prayer in the petition; from which judgment the defendants appealed.

The court, among other charges, gave the following, viz.: "The question which you are to try and determine is, whether or not he, Charles Lehmberg, was in failing circumstances at the time said conveyance was made.   *   *   *   If said conveyance was made to said minors for the purpose of hindering, delaying, or defrauding his creditors, you will find for the plaintiff."

It was proved that the conveyance from Carl Lehmberg to I. S. Pryor was by deed made October 21, 1875, (filed for record same day,) and the deed from Pryor to F. Carl and C. F. Alfred (Lehmberg's minor children) was made May 14,

1876. It was admitted on the trial that the judgment in favor of appellee in Llano county District Court, under which appellee claimed title, was rendered on a draft dated July 24, 1876, a note dated July 4, 1876, and another note dated June 21, 1876. The evidence of several witnesses was to the effect, that at the date of the conveyance by Pryor to the minor children Carl Lehmberg was solvent and his financial standing good. About this, however, there was some conflict of evidence.

The first and second clauses of the instructions asked by defendant below (Lehmberg) and refused, were as follows, viz.: "A fraudulent deed can only be attacked (1) by a previous creditor—that is, one who had a valid claim against the party making the fraudulent deed prior to the making of such deed; (2) by a party who becomes a creditor subsequent to the making of the fraudulent deed, but who has no notice, either actual or constructive, that such a deed has been made."

The refusal to give this charge was assigned as error. The pleadings and evidence are quite voluminous, but the above instruction, with the opinion, presents the case as decided, except as to the pleadings and other rulings of the court below not noticed, and which involved nothing which has not been before decided.

*A. O. Cooley* and *James H. Burts*, for appellants.

I. Appellee was not entitled to attack the deed from Carl Lehmberg to I. S. Pryor dated October 21, 1875, and deed from Pryor to minors dated May 14, 1876, (of which notice was brought home to him by records of proper county,) without predicate showing that the claims on which the judgment through which he claimed was obtained, were contracted and due prior to date of said deeds. (Kerr *v.* Hutchins, 46 Tex., 389; McCulloch *v.* Renn, 28 Tex., 793; Martel *v.* Somers, 26 Tex., 559, 560.)

The consideration and good faith of conveyance from Pryor

to minors dated May 4, 1876, could not—he not being a party to this suit—be impeached herein.

II. To render a conveyance of real estate obnoxious and liable to cancellation for fraud, it must be shown that the party seeking to cancel the same was, at the time it was made, in a position, relative to the parties thereto, to be injured thereby.

Appellee asked the court to charge the jury, in substance, that to find for plaintiff they must find that at the time Carl Lehmberg conveyed to Pryor he was insolvent or in failing circumstances, and that the conveyance was made to defraud plaintiff; that he was a creditor, or became so, or a purchaser without notice, actual or constructive, of the property; that a fraudulent deed could only be attacked by a previous creditor of the party making it, or a subsequent creditor without notice; that by "actual notice" is meant, that a party knows or could ascertain by ordinary diligence that former conveyances existed before he became a creditor or a purchaser, and by "constructive notice" is meant, that the deed was on record in the proper county when the party seeking to avoid it became a creditor or a purchaser of the property conveyed. (Saufley *v.* Jackson, 16 Tex., 584–587; Kerr *v.* Hutchins, 46 Tex., 389; Lewis *v.* Castleman, 27 Tex., 407; 3 Wash. on Real Prop., pp. 299, 300; McCulloch *v.* Renn, 28 Tex., 793; Kerr on Fraud and Mistake, 206, 235, 236.)

*J. F. Oatman* and *Makemson & Fisher*, for appellee. — The question of notice surely cuts no figure in this case. The deeds of conveyance sought to be cancelled could be attacked in two ways: First, the plaintiff, as a subsequent creditor, could show that the conveyances were voluntary and were made by the debtor, while in failing circumstances, for the purpose of hindering, delaying, and defrauding his creditors; second, by showing that the plaintiff, at the time the deeds were made, was an existing creditor, and that the convey-

ances were voluntary and made by the debtor while insolvent or in failing circumstances.

The two deeds of conveyance attacked by appellee—viz., the deed from Lehmberg to Pryor dated October 21, 1875, and deed from Pryor to the minor children dated May 14, 1876—are to be considered and treated as one transaction; the fraud having its inception in the one and its completion in the other.

The plaintiff, in his petition, shows that the deed of October 21, 1875, from Lehmberg to Pryor, was made, while he (Lehmberg) was in failing circumstances, to hinder, delay, and defraud his creditors, and was in fact without consideration; that the deed of May 14, 1876, from Pryor to the minor children, was made at the special instance and under the direction of Lehmberg, who was then insolvent, and that a part of the debt on which the judgment was rendered was then (May 14, 1876) an existing debt against him, and that the deed was a voluntary conveyance to his children. (Paschal's Dig., art. 3876; Raymond v. Cook, 31 Tex., 384.)

The judge's charge to the jury surely covers or presents every material issue in the case. If any one should complain of the charge, it would be the appellee, on the ground that the law affecting his position as an existing creditor was not more fully presented to the jury. But the result—the verdict—would have been the same in either treatment of the issues involved.

GOULD, ASSOCIATE JUSTICE.—The court instructed the jury to find for the plaintiff if the conveyance by Carl Lehmberg to his children was made for the purpose of hindering, delaying, or defrauding his creditors. Under the pleadings and evidence, it was an issue of fact for the jury whether any part of plaintiff's claim on Carl Lehmberg was in existence at the time of said conveyance, or whether his entire claim was not acquired subsequently to the conveyance assailed and with notice thereof. Such being the state of the issue as to

plaintiff's right as a creditor to assail the conveyance, the charge given was erroneous, and should have been qualified as asked by defendants in the first and second clauses of the second instruction asked, denying the plaintiff's right to attack the deed if he was only a subsequent creditor, who had acquired his claim with notice of the conveyance. Such is the established general rule in this State. (Martel v. Hernsheim, 9 Tex., 294; Fowler v. Stoneum, 11 Tex., 479; Lewis v. Castleman, 27 Tex., 407.)

Whether there may not be exceptions to this rule, it is not now necessary to inquire.

For the error in the charge, the judgment must be reversed.

It was objected that the suit should have been brought in the county where the land conveyed was situated. The suit was an equitable procedure seeking the cancellation of deeds, and was rightly brought in the county of defendant's residence. (Vandever v. Freeman, 20 Tex., 336; Morris v. Runnells, 12 Tex., 177.)

In regard to other rulings of the court on the pleadings and the admission of evidence complained of by appellant, it is enough to say that we have found in them no error.

The judgment is reversed and the cause remanded.