### M. LEWIS v. ANGELINA SIMON ET AL.

#### No. 2621.

1. **Voluntary Conveyance—Subsequent Creditors.**—A subsequent creditor who acquired his claim with knowledge or notice of a voluntary conveyance sought to be avoided can not attack the conveyance as fraudulent.

2. **Fraudulent Conveyance.**—A voluntary conveyance if shown to have been made for the purpose of defrauding future creditors may be avoided by them upon showing such intent.

3. **Exclusion of Unimportant Testimony.**—The exclusion of testimony which should have been admitted, but which could not have affected the result of the trial, is harmless and no cause of reversal.

4. **Deed by Husband to Wife.**—The voluntary conveyance by a husband to his wife of land, the community property of the parties, is held to convey the land to her in her separate right or as separate property.

APPEAL from Washington. Tried below before Hon. I. B. McFarland.

Under appropriate pleadings Mrs. Simon, the plaintiff below, introduced in evidence a deed from her husband to her for the lot in controversy, made February 16, 1885, and duly recorded the same day. The defendant Lewis, who is appellant, showed title also under the husband, but under attachment proceedings levied upon the lot December 10, 1885, upon a debt contracted July 29, 1885, about five months after the accruing of the plaintiff's right. It was pleaded that the deed to the plaintiff being a voluntary conveyance was also executed to defraud subsequent creditors.

Upon the husband's financial condition before, at, and subsequent to the transfer to plaintiff, the depositions of J. T. Brackenridge were read by defendant as follows: "Witness was president of the First National Bank of Austin. Knew S. Simon and wife seven years prior to 1885 in Austin, where they had resided. On January 1, 1885, S. Simon owned the fixtures and liquors in a bar room at Austin, also some horses, bought of Brown, the number witness did not know, on which he owed a balance of $2000, for which witness was security. Knew of no other property owned by him except the property in Brenham; think he purchased some property in division D in the city of Austin. On February 15, 1885, S. Simon did not own anything in Austin to witness' knowledge except the bar room fixtures and liquors. Did not know his liabilities at this date,

as he was not his bookkeeper or confidant. He had borrowed money from the bank—about $3000. He owed Brown $2000 at this time. Know of about $1000 more, making $6000 that witness knew of his owing at that time in Austin. Witness was security for the Brown debt, and paid it back to Brown from time to time in 1886, except $15 paid by Simon. It was due in June, 1885, and was all outstanding against Simon on February 15, 1885. Witness settled with Simon in 1885 and 1886, and was only partially reimbursed by the proceeds of the bar room fixtures and goods that were attached as belonging to Simon.

"About December 5, 1885, the First National Bank attached Simon's stock in Austin. Witness made the affidavit. At that time Simon's liabilities to the bank amounted to about $15,000 or $16,000. His assets according to the sheriff's schedule amounted to about $17,000. Did not know any other property belonging to Simon at the time and do not know what his liabilities to other parties were at the time.

"The above $15,000 or $16,000 is the amount Simon owed the bank, Brown, and myself at that time. Between the 15th of February and the 5th of December, 1885, Simon reported to me a loss upon mules which he had shipped. After Simon succeeded 'Simon & Co.' he made new purchases and kept up his stock, but witness did not know whether bought on credit or for cash. He borrowed no more money from the bank after the $8500 (referred to in bill of exceptions) which he borrowed to use in purchasing mules, at least not more than $500 or $600 altogether. Simon and wife are said to be in Ohio. Witness had realized a large portion of the indebtedness of Simon to the bank out of the attached goods spoken of above, and knows of no property of Simon subject to execution. Witness had not had execution issued for the balance due."

The court instructed the jury to find for the plaintiff.

The defendant by bills of exceptions and proper assignments of error complained of the exclusion of parts of Brackenridge's testimony; first in connection with his answer giving Simon's liabilities at $6000, witness added, "Since reflecting I will say that about this time, either a little after or a little before, he and Fred. Sterzing borrowed from the bank $8500 to pay for mules." (Held not responsive to the question nor relevant.) And also the fourteenth interrogatory and answer, as follows: "Was there any time within a year prior to December 5, 1885, when the stock of goods was of greater available value than the amount of the indebtedness against the successive firms; or in other words was there at any such time sufficient assets in the firm to pay the debts of the firm of every character?" Answer—"I thought there was at first; but afterwards I discovered that there was not. Of course I thought there was up to the latter part of the time, or I should not have loaned him money."

The question was held to be leading and the answer irrelevant. Judg-

ment was rendered for the plaintiff, Mrs. Simon, for the land sued for, and Lewis appealed.

*J. T. Swearingen,* for appellants.— 1. The court erred in holding that the deed from the husband to plaintiff changed the character of the property from community to separate estate. This is the law only when no other motive or intention is shown. When it is shown that the husband is insolvent it is error to hold that such a deed, without any proof of consideration whatever, changes the character of the property in such a way as to put it beyond the reach of the grantor's creditors. Green v. Ferguson, 62 Texas, 525; Holloway v. Holloway, 30 Texas, 164; Cox v. Miller, 54 Texas, 16; Huston v. Curl, 8 Texas, 239; Parker v. Chance, 11 Texas, 513; Wallace v. Campbell, 54 Texas, 87; Epperson v. Jones, 65 Texas, 425.

2. The objections of the plaintiff to the depositions of J. T. Brackinridge, set out in full in bills of exceptions, were to the credibility and sufficiency of the evidence, not to its competency. Simpson v. Brotherton, 62 Texas, 170; Swinney v. Booth, 28 Texas, 115; Reed v. Timmins, 52 Texas, 84.

3. The conveyance from S. Simon to his wife Angelina, if made with intent to defraud creditors, is under article 2465 void as to his subsequent creditors, Ullman, Lewis & Co., as well as to prior creditors, and if made while he was in debt without sufficient property to discharge his debts, and without consideration of a valuable nature, under article 2466, without any fraudulent intent on his part, is as to prior creditors void, and will be decreed to be void upon proof of a fraudulent intent as to subsequent creditors. Raymond v. Cook, 31 Texas, 374; Lott v. Kaiser, 61 Texas, 665; Holden v. McLaury, 60 Texas, 228; Cole v. Terrell, 71 Texas, 549; Waite on Fraud. Conv., chap. 6, secs. 97–100; Id., secs. 100–104, as to new ventures; Story's Eq., vol. 1, sec. 361.

4. The registration of the deed from S. Simon to Mrs. Simon, his wife, was notice to the defendant only of what its contents imported, and did not put him upon notice that the property was her separate estate. McLouth v. Hunt, 51 Texas, 115; Cook v. Bremond, 27 Texas, 460; Edwards v. Brown, 68 Texas, 329.

*Bassett, Muse & Muse,* for appellee. —1. The allegations of ownership were sufficient. It was not necessary for the plaintiff to set out in her petition the evidence of her title or the solvency of her grantor. Rev. Stats., art. 4786; Bridges v. Cundiff, 45 Texas, 440–2; Rule 2, 47 Texas, 615; Hughes v. Lane, 6 Texas, 289, 294; Parks v. Caudle, 58 Texas, 216, 220; Shepard v. Cummings, 44 Texas, 502, 504.

2. The deed from Simon to his wife of property previously belonging to the community vested title thereto in her as her separate property.

Story v. Marshall, 24 Texas, 305, 307–8; Higgins v. Johnson, 20 Texas, 389; Smith v. Boquet, 27 Texas, 507; Peters v. Clements, 46 Texas, 114, 124; Turner v. Shaw (Mo.), 8 S. W. Rep., 898, and authorities cited.

3.   There was no evidence whatever conducing to show that at the making of the deed to his wife Simon had any intent to defraud either existing or prospective creditors, or that he was either insolvent or contemplating insolvency, or that he was about to embark in hazardous speculations, or that he made the conveyance with any such purpose as is suggested in the charges asked.  There being no evidence on the issue it would have been error to submit it to the jury in a charge.  H. & T. C. Ry. Co. v. Gilmore, 62 Texas, 391–2, and authorities cited; G. H. & S. A. Ry. Co. v. Faber, 63 Texas, 344.

4.   Whether the deed be held to be voluntary or upon a valuable consideration, the appellant being a subsequent purchaser or creditor with notice can not question it.  Rev. Stats., art. 2466; De Garca v. Galvan, 55 Texas, 53, 55; Lehmberg v. Biberstein, 51 Texas, 457, 461; Reynolds v. Lansford, 16 Texas, 292–3.

GAINES, ASSOCIATE JUSTICE. — This suit was brought by appellee Angelina Simon, joined by her husband, to recover of appellant a certain parcel of land described in her petition.

On the 16th day of February, 1885, the land in controversy was the property of Solomon Simon, who on that day conveyed it to appellant Angelina, his wife.  The consideration expressed is ten dollars "paid by Angelina Simon, and the further consideration of the love and affection" borne by the grantor to her.  The deed was acknowledged and filed for record on the day of its date, and was duly recorded.  The defendant claimed title by virtue of a sheriff's sale and deed to him made under an execution issued from the County Court of Galveston County upon a judgment there rendered in favor of Ullman, Lewis & Co. against Solomon Simon.  The judgment established the lien of an attachment which had been formerly issued in the suit and levied upon the land in controversy as the property of Solomon Simon.  The debt upon which the judgment was rendered was an open account contracted on the 29th day of July, 1885, more than five months after the conveyance from Simon to his wife.

The appellant defended upon the ground that the deed from Simon to his wife was made with intent to defraud the subsequent as well as the existing creditors of the grantor, and was therefore void as to Ullman, Lewis & Co., although the debt upon which they obtained judgment was not created until after the deed was made.

In order to maintain his defense the appellant introduced the testimony of but one witness.  Presenting this testimony in the light most favorable to defendant it would have authorized the jury to find that Simon was

indebted at the time of the conveyance to his wife in an amount in excess of the value of his assets; that after this time he continued his regular business and also engaged in the purchase of mules or other speculations upon an extensive scale for a man of his means, and that within ten months after the deed to his wife he failed, being indebted to a large amount. The witness knew but little of the details of Simon's business, and the conclusions thus stated are the limits of the inferences which the jury could have legitimately drawn from his evidence.

The appellee, the plaintiff below, having introduced her deed, and defendant having introduced evidence of the attachment proceedings, judgment, execution, and sheriff's deed under which he claimed, and such being the parol evidence adduced to establish the fraud, the court instructed the jury to find for the plaintiff. This instruction is assigned as error.

Article 2466 of the Revised Statutes is as follows: "Every gift, conveyance, assignment, transfer, or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts; but such gift, conveyance, assignment, transfer, or charge shall not on that account merely be void as to subsequent creditors, and though it be decreed to be void as to a prior creditor, because voluntary, it shall not for that cause be decreed to be void as to subsequent creditors or purchasers."

Conceding therefore that the deed from Simon to his wife was a voluntary conveyance and that it was void as to existing creditors, this does not render it void as to subsequent creditors. The only facts remaining from which fraud in the conveyance as to the latter class of creditors could be deduced are that soon thereafter Simon began operating upon a larger scale and shortly became insolvent.

The use of the word "merely" in the statute quoted indicates that the Legislature contemplated that cases might arise in which a voluntary conveyance should be held void even as to subsequent creditors; but we are clearly of opinion that the facts here in evidence do not make such a case. If a grantor should voluntarily convey his property to his wife or children and should cause the deed to be withheld from the record, intending notwithstanding his conveyance to obtain credit upon faith of still being the owner of the property, and should he accordingly obtain such credit, a strong case would be presented for holding the conveyance fraudulent although it might be placed upon the record before the creditor secured a lien upon the property by judgment or otherwise.

But such is not the case before us. Here the deed was recorded upon the day of its execution and notice was given to the world that the grantor had parted with his title to the property. It has been held that where

a voluntary conveyance is made in contemplation of the grantor's entering upon hazardous speculations and with a view to protect it from subsequent creditors in the event his ventures should result disastrously it is fraudulent as against such subsequent creditors. Wait's Fraud. Conv., secs. 100, 101, and cases cited.

But the author cited also says: "As a general rule a subsequent creditor who acquired his claim with knowledge or notice of the conveyance sought to be annulled can not attack it as fraudulent." Id., sec. 106; Baker v. Gilman, 52 Barb., 39. This rule has been recognized in former decisions in this court. Lehmberg v. Biberstein, 51 Texas, 457; De Garca v. Galvan, 55 Texas, 53; Van Bibber v. Mathis, 52 Texas, 406. The creditor knowing that the grantor has voluntarily parted with his property, we fail to see the device or deceit by which he can claim to have been defrauded. We conclude there was no evidence to warrant a verdict for the defendant and that the court did not err in instructing the jury to find for the plaintiff.

The decision of the foregoing question practically disposes of the case. If the answers of the witness Brackenridge, which were excluded, would have materially strengthened the defendant's case it would be a question to be determined whether the court erred or not in excluding them. But we are of opinion that if they had been admitted it would still have been the duty of the court to charge the jury to find for the plaintiff. The error, therefore, in excluding the testimony, if error it were, is harmless.

The plaintiff Angelina Simon having shown title in herself, and defendant not having made a case to defeat her title, it was not error to refuse the charges requested. It is unnecessary to determine whether they were correct or not as applied to a proper case.

The proposition that the deed from Simon to his wife placed the title in the community can not be maintained. Such a construction would be equivalent to holding that it passed the title from the community to the community, or in other words that it passed nothing. The consideration in the deed from Wilkinson to Simon and the bid at the sheriff's sale show clearly that the ten dollars expressed in the deed in question was merely nominal and that the conveyance was purely voluntary. By it the land clearly became the separate property of the wife as the grantor evidently intended.

The evidence adduced admitted of no other proper judgment except that rendered, and it will therefore be affirmed.

*Affirmed.*

Opinion January 22, 1889.