THOMASON v. HAM et ux. (No. 8952.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 18, 1919. Rehearing Denied March 8, 1919.)

1. PLEADING ⬤⟳104(2)—PLEA OF PRIVILEGE —DENIALS—VENUE.

In a suit to cancel a mineral lease, allegations in defendant's plea of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, to be sued in his own county, that none of the statutory exceptions, Rev. St. 1911, arts. 1830, or 2308, as to exclusive venue in one's county, existed, and that the suit was not concerning land or to quiet title thereto, held to show no intention to deny plaintiffs' allegations as to defendant's acquisition from the plaintiffs of the mineral lease alleged.

2. PLEADING ⬤⟳8(9)—PLEA OF PRIVILEGE— CONCLUSIONS OF LAW.

Whether or not a suit to cancel a mineral lease is one coming within Rev. St. 1911, art. 1830, subd. 14, providing for venue of suits concerning land, is a legal question, and defendant's allegation in his plea of privilege (Vernon's Ann. Civ. St. Supp. 1918, art. 1903) that it was not such a suit is a mere conclusion of law.

3. PLEADING ⬤⟳101 — PLEA OF PRIVILEGE —EXCEPTIONS—VENUE.

Where plaintiffs in a suit to cancel a mineral lease alleged that defendant lived in a county other than where the suit was instituted, no plea of privilege under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, was necessary for defendant to invoke his statutory privilege as to being sued in his own county, since this could be done by special exception to plaintiffs' petition.

4. PLEADING ⬤⟳104(2)—PLEA OF PRIVILEGE —DENIAL OF FACTS.

Vernon's Ann. Civ. St. Supp. 1918, art. 1903, relative to denial under oath of existence of the exceptions to exclusive venue in the county of one's residence, requires denial of

facts, and not denials involving mere conclusions of law drawn from an interpretation of plaintiff's petition.

**5. VENUE ☞5(4)—SUIT TO CANCEL—MINERAL LEASE.**

A suit to cancel a mineral lease, which conveyed to the defendant plaintiffs' mineral rights in the land, the purpose of which was to recover an interest in land and to quiet the title, was within Rev. St. 1911, art. 1830, and had its venue in the county where the land is situated.

Appeal from District Court, Stephens County; Joe Burkett, Judge.

Suit by M. F. Ham and wife against G. J. Thomason. From a judgment for plaintiffs, defendant appeals. Affirmed.

G. W. Thomason, of Haskell, for appellant. W. C. Veale, of Breckenridge, for appellees.

DUNKLIN, J. M. F. Ham and wife instituted this suit against G. J. Thomason in the district court of Stephens county to cancel what is commonly designated as a mineral lease on certain lands in Stephens county, and also one tract of land situated in Throckmorton county. According to the allegations in the petition, the lease was, in fact, a conveyance to the defendant by the plaintiffs of all the coal, oil, gas, and other minerals located in the land. As a consideration for that conveyance the defendant agreed to begin immediately drilling and mining operations on said lands for the purpose of extracting therefrom said minerals and to prosecute such development work with reasonable diligence, and that obligation was breached by the defendant, and he afterwards wholly abandoned his contract. It was alleged that the instrument so executed had been recorded in the deed records of Stephens county, and that such record cast a cloud upon plaintiffs' title which they sought to have removed. It was further alleged that defendant was claiming title under that instrument. In the petition it was alleged that the defendant resided in Wichita county.

Defendant filed a plea of privilege that he resided in Wichita county, and invoked his statutory privilege to be sued in that county and in no other. That plea contained further allegations as follows:

"That none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1850 (1194) or article 2308 (1565), R. S. of Texas, exist in this cause, that this is not a suit involving a crime, offenses, or trespass, a fraud or a suit concerning land, or damages thereto, suit to remove incumbrance or quiet title or a contract in writing to be performed in Stephens county, Tex., and does not come within any of the exceptions provided by law in such cases authorizing this suit to be brought or maintained in the county of Stephens, state of Texas, or elsewhere outside of the said county of Wichita."

The plea was duly verified by the defendant in compliance with the statute. That plea was heard by the trial court and overruled, and from that order the defendant has prosecuted this appeal.

It appears from the record that no controverting plea was filed by the plaintiffs in reply to the plea of privilege, nor was any evidence offered upon the hearing of the plea either to sustain or controvert the allegations therein contained. Article 1903 of the Revised Statutes, enacted in 1917 (Acts 35th Leg. c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), reads as follows:

"A plea of privilege to be sued in the county of one's residence shall be sufficient, if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of such process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that none of the exceptions to the exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 of the Revised Statutes exist in said cause; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of the peace shall note on same a time for a hearing on the plea of privilege; provided, however, that the hearing * * * shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing it shall not be necessary to serve the copy above provided for. Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

It will be observed that in the plea of privilege filed article 1850 of the Statutes, instead of article 1830, is invoked. Aside from the question whether or not that error, if it be a mere clerical error, would deprive the defendant of the right to avail himself of the provision of the article quoted above, and for the sake of argument, treating the plea as though article 1830, instead of article 1850, had been invoked, we conclude that the court did not err in overruling the plea.

[1] We believe it clear from the allegations contained in the plea of privilege that the statement to the effect that none of the statutory exceptions to exclusive venue in the county of defendant's residence existed was qualified and explained by the further allegation that the suit was not "a suit concerning land," or "to remove incumbrances or quiet title" thereto. In other words, we think it clear from the allegations in the plea of privilege that the defendant did not intend to deny the truth of the allegations in plaintiffs' petition to the effect that he had acquired from the plaintiffs the mineral lease alleged in consideration of the alleged contract on his part, which had been breached, and that such lease had been placed of record in the deed records of Stephens county, where the land was located. It appears from the allegations of the plea of privilege that, according to the defendant's legal interpretation of the plaintiffs' petition, the suit was not a suit concerning land nor to remove any incumbrances thereon, or to quiet title thereto, and for that reason alone it did not come within the provisions of subdivision 14 of article 1830 of the Revised Statutes, which reads as follows:

"Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

[2, 3] Whether or not the suit as instituted by the plaintiffs was one coming within the provisions of that subdivision of the statute was a legal question, and not a question of fact, and the defendant's allegation that it was not such a suit was a mere conclusion of law, and not an allegation of fact. And as plaintiffs themselves had alleged that defendant resided in Wichita county, and not in Stephens county, where the suit was instituted, no plea of privilege was necessary in order for the defendant to invoke his general statutory privilege to be sued in the county of his residence; for that could have been done by a special exception to the plaintiffs' petition, as is well settled by the decisions of this state. Assuming, as we do, that defendant, in verifying his plea, testified conscientiously, we must conclude that he did not intend to swear that the nature of the cause of action was different from what plaintiffs' petition showed it to be, but that he merely intended to swear to the nature of the cause of action asserted therein according to his legal construction of the instrument. From the fact that the defendant is prosecuting this appeal it is self-evident that he does not deny the allegations in plaintiffs' petition that he acquired the mineral lease therein alleged, and that he is claiming some interest thereunder;

otherwise it would be immaterial to him what judgment might be rendered even on the merits of the case, for he would have no interest whatever in the suit to be affected by a judgment in plaintiffs' favor.

[4] Article 1903 of the Statutes, relating to the denial under oath of existence of any of the exceptions to exclusive venue in the county of one's residence, had in view a denial of facts, and not denials involving mere conclusions of law drawn from an interpretation of plaintiffs' petition.

[5] The conveyance by plaintiffs to the defendant of all their mineral rights in the land was a conveyance of an interest in the property itself (see Texas Co. v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989), and, the purpose of the suit being to recover that apparent interest and to quiet the title created by the record of that instrument, fixed the venue of the suit in Stephens county, where the land was situated (Thomson v. Locke, 66 Tex. 383, 1 S. W. 112).

For the reasons indicated, the judgment is affirmed.