BABNO v. COMPTON.    (No. 657.)

(Court of Civil Appeals of Texas. Beaumont. April 20, 1921. Rehearing Denied May 4, 1921.)

Venue ☞5(1)—Suit to correct description of deed held in nature of "action to quiet title."

In a vendor's action against purchaser to correct description in recorded deed including too much land, on the ground of mutual mistake, and praying for that and for other relief, general and special, legal and equitable, petition *held* broad enough to authorize correction of description, if facts warranted, and removal of cloud cast by deed on land not intended to pass thereby, so that the suit should be treated as in the nature of an action to quiet title, falling within Rev. St. art. 1830, subd. 14, fixing venue in county where land lies.

Appeal from District Court, Liberty County; J. L. Manry, Judge.

Suit by H. O. Compton against Ross Babno. From the overruling of his plea of privilege to be sued in the county of his residence, the defendant appeals. Judgment overruling plea sustained.

Woods, Barkley & King, of Houston, for appellant.

E. B. Pickett, Jr., of Liberty, for appellee.

HIGHTOWER, C. J. The appellee, Compton, filed this suit in the district court of Liberty county against the appellant, Ross Babno, seeking the correction of the description in a deed to land, which had been executed by appellee to appellant. It was alleged, substantially, in appellee's petition, that it was the intention of the parties to the deed that exactly 32 acres of land, a part of the P. P. Devers survey in Liberty county, was to be conveyed by appellee to appellant for the consideration of $22.50 per acre, but that in fact in drafting the deed considerably more than 32 acres of land was embraced in the description contained in the deed; and there was a further allegation in the petition that this description, which embraced more than the 32 acres contemplated by the parties to be sold and purchased, was the result of a mutual mistake on their part. Appellee set out in his petition a description, by metes and bounds, of the 32 acres of land which he alleged it was the intention of the parties to the deed should pass thereby from appellee to appellant, and also set out, by specific metes and bounds, the quantity of land that said deed, in fact, purported to convey to appellant, which last description shows considerably more land than 32 acres. It was also alleged by appellee that appellant, after procuring the deed sought to be corrected, caused the same to be duly recorded in the deed records of Liberty county, where the land is situated, and that such was the situation at the time of the filing of this suit. The prayer in appellee's petition was:

"That plaintiff have judgment for the amending and correcting of said deed, so as to make it conform to and express the real intention of the parties and to convey to defendant only the 32 acres of land as correctly described in the foregoing paragraph 3, for costs of suit, and all other and further relief, both legal and equitable, general and special, to which he may be justly entitled."

Appellant, a resident of Harris county, Tex., filed a plea of privilege to be sued in the county of his residence, which plea was in all respects in proper form, and this was properly controverted under the statute by appellee. The plea of privilege was present-

ed to and heard by the trial court, and was overruled, and this appeal is from the order of the trial court overruling such plea of privilege.

It is conceded by the parties that the plea of privilege should have been sustained unless the cause of action herein sued on by appellee is within subdivision 14 of article 1830 of the Revised Statutes of Texas, but that if the cause of action comes within said subdivision, the plea of privilege was properly overruled. Thus, it will be readily seen that it is appellant's contention that an action to correct the description in a deed to land is one in personam and not in rem, and therefore does not come within subdivision 14 of article 1830, above mentioned. Article 1830 reads as follows:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * (14) *Suits concerning Lands*—. Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellant cites in support of his contention the following authorities: Morris v. Runnells, 12 Tex. 175; Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Miller v. Rusk, 17 Tex. 170; Burkitt v. Wynne, 62 Tex. Civ. App. 560, 132 S. W. 817; Cavin v. Hill, 83 Tex. 73, 18 S. W. 323; Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143; Garrison v. Stokes, 151 S. W. 898; Lehmberg v. Biberstein, 51 Tex. 457.

We have read and considered all these authorities relied upon by appellant, and find that they all, with the exception of Lehmberg v. Biberstein, supra, were treated by the appellate courts as suits for the specific performance of a contract to convey land, and the earlier cases were decided at a time when the statute was very different from what it is now. It was held in all of the cases for specific performance that such an action was one purely in personam, and that the judgment in such a case operated upon the defendant personally, and in no sense operated upon the land itself. The last-mentioned case, Lehmberg v. Biberstein, was a suit, it seems, to cancel a deed upon the ground that it was executed with the intention on the part of the grantor to defraud his creditors. Judge Gould, speaking for the Supreme Court, said that the action was an equitable one, and might properly be brought against the defendant in the county of his residence. That was the sole question decided in the case having any relevancy whatever to the question here.

It is the contention of the appellee that this suit, being one to correct the description in a deed, which was the result of a mutual mistake, is properly prosecuted in the county where the land is situated, and is really, in purpose and effect, in the nature of an action to quiet title, and comes within subdivision 14 of article 1830 above mentioned. In support of his contention, appellee cites, among other authorities, the case of Thompson v. Locke, 66 Tex. 388, 1 S. W. 112; Mitchell v. Porter, 194 S. W. 985; and Thomason v. Ham, 210 S. W. 561. After careful consideration of the question and the contentions of both parties, we have reached the conclusion that appellee's contention is the correct one, and that this suit was properly brought in Liberty county, where the land is situated, and that appellant's plea of privilege was properly overruled.

In the case of Thomason v. Ham, just mentioned, the object and purpose of the suit by the plaintiff was to procure a judgment canceling a mineral lease which had been executed by the plaintiff to the defendant, and by the terms of which all the oil and other minerals in and under the land involved was conveyed by the plaintiff to the defendant. The suit was filed in the county where the land was situated, and the defendant opposing the cancellation of the lease resided in another and different county and interposed a plea of privilege to be sued in the county of his residence, contending that the suit was not one which came under subdivision 14 of article 1830, above mentioned, but the action was one of a personal nature, and therefore the defendant should have been sued in the county of his residence. The plea of privilege interposed by the defendant in that case was overruled by the trial court, and the action of the trial court in that respect was sustained on appeal, and among other authorities cited in support of its action, the appellate court in that case cited Thompson v. Locke, supra.

In this suit, while the appellee's petition did not allege in so many words that the deed executed by himself to appellant, and which had been recorded in the deed records of Liberty county, constituted a cloud upon his title to so much of the land therein described as was not intended by the parties should pass to appellant, nevertheless the allegations that the deed purported to convey such additional quantity of land, and that appellant had caused the same to be recorded, amounted, we think, or were equivalent, to an allegation on appellee's part that the deed in question constituted a cloud upon his title to so much of the land therein described as was not intended by the parties appellant should have. It is manifest, of course, that appellant is asserting title to all the land described in the deed, from the fact that he is resisting the attempt on the part of appellee to correct the description in the deed. Otherwise, as said by the court in Thomason v. Ham, supra, it would be immaterial to appellant what judgment might be recovered or where the suit was filed.

230 S.W.—16

As we have shown above, appellee's prayer was for the correction and amendment of the description in the deed, as such description was pointed out in his petition, and also for such other relief, general and special, legal and equitable, as he might show himself entitled to upon the trial. We think this prayer, considering the facts stated in appellee's petition, was broad enough to have authorized the trial court, after correcting the description as sought by appellee, if the facts warranted, in further removing the cloud cast by the recorded deed upon appellee's title to so much of the land described in the deed as was not intended by the parties to pass thereby, and that such being true, this suit should be treated in the nature of an action to quiet title and as falling within subdivision 14 of article 1830, above mentioned.

It follows from what we have said that the trial court's judgment overruling the plea of privilege should be sustained, and it will be so ordered.

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes