**ATKINSON v. KYLE et al.** (No. 8368.)

(Court of Civil Appeals of Texas. Galveston. May 10, 1923. Rehearing Denied May 31, 1923.)

**Bankruptcy** ⊜⟂303(3)—**Evidence held not to show conveyance to wife was fraudulent.**

Evidence that a husband conveyed property to his wife for the stated consideration of $2,000 previously given him from her separate estate, and the further consideration of love and affection, at a time when his only debt was owed to his son who consented to the conveyance, and three years before he contracted any other debt which was scheduled against him in bankruptcy proceedings, *held* to show that the conveyance was not fraudulent so as to be subject to cancellation at the suit of the trustee in bankruptcy.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Suit by John B. Atkinson, as trustee, against Susie R. Kyle and others to cancel a deed. Judgment for defendants, and plaintiff appeals. Affirmed.

James E. Yeager, of Waco, M. L. Bennett, of Normangee, for appellant.

W. D. Lacey, of Centerville, for appellees.

PLEASANTS, C. J. This suit was brought by appellant as trustee for the creditors of J. W. Kyle, a bankrupt, to cancel a deed from the said J. W. Kyle to his wife, Susie R. Kyle, conveying several lots or parcels of land in Leon county and fully described by plaintiff's petition. J. W. and Susie R. Kyle were both sued, and the deed was sought to be canceled on the ground that it was executed for the purpose of defrauding the creditors of J. W. Kyle.

Defendant J. W. Kyle in his answer disclaims any interest in the property and denied all of the allegations of the petition charging him with fraud in the execution of the deed. Mrs. Kyle answered by general denial and claimed the property as her separate property under the deed from her husband.

On the trial below with a jury, after hearing the evidence the court instructed a verdct for the defendants and upon return of such verdict rendered judgment accordingly.

The deed in question was executed on the 18th day of January, 1916, and filed for record on February 23, 1916, and recites the following consideration for the conveyance:

"For and in consideration of the sum of $2,000 two thousand dollars to me in hand paid by Susie R. Kyle (my wife) as follows: For the separate funds and property of the said Susie R. Kyle, amounting to the sum of $2,000.00, which I have used and expended myself which said. funds and property she (the said Mrs. Susie R. Kyle) had and possessed prior to my marriage with her, the said Mrs. Susie R. Kyle, and has accumulated by her own efforts and labor since our marriage, and the further consideration of love and affection."

J. W. Kyle, on his own application, was adjudged a bankrupt by the United States District Court at Waco on September 23, 1921, and the appellant, John B. Atkinson, is the duly authorized trustee for the creditors of the bankrupt.

We have read all of the evidence offered by appellant to establish his claim that the conveyance from J. W. Kyle to his wife of the property in controversy was made for the purpose or with the intent to defraud his present or prospective creditors, and agree with the trial court that this issue is not raised by the evidence.

There is no evidence that at the time the conveyance was made J. W. Kyle was indebted to any one except his son, George Kyle, who held his father's note for $1,000. This note was secured by a mortgage lien upon eight acres of land which J. W. Kyle conveyed as part consideration for the property in Normangee which he is alleged to have thereafter fraudulently conveyed to his wife. The undisputed evidence shows that George Kyle consented to the exchange of the eight acres, and agreed that the property received therefor should be conveyed to his mother, and that he would look to her to pay him the $1,000 out of the revenues derived from the property, or the proceeds of its sale.

This indebtedness to his son, George, is one of the claims listed by J. W. Kyle in his application to be adjudged a bankrupt. The next oldest indebtedness of J. W. Kyle shown by the record is evidenced by notes in favor of McDonald & McDonald for the aggregate sum of $996.56. This indebtedness was con-

tracted in August, 1919, more than three years after the conveyance to Mrs. Kyle. There is nothing in the circumstances surrounding the conveyance, nor in the acts or declarations of the parties in relation thereto, which tends to impeach the good faith of the transaction. If citation of authority is necessary, the case of Lewis v. Simon, 72 Tex. 470, 10 S. W. 554, is conclusive against appellant's contention that the trial court erred in instructing a verdict in favor of defendants.

It follows from these conclusions that the judgment should be affirmed, and it has been so ordered.

Affirmed.