**230**

## PERRY v. BROWN et ux.
### No. 1526.

Court of Civil Appeals of Texas. Waco.
Nov. 8, 1934.

Lasseter, Simpson & Spruiell, of Tyler, and J. S. Callicutt, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellees.

ALEXANDER, Justice.

Edward F. Perry, as the trustee in bankruptcy of the estate of Ben Brown, bankrupt, brought this suit against Ben Brown and his wife, Bessie Brown, to set aside certain conveyances of real estate alleged to have been made by the said Brown to his wife for the purpose of hindering, delaying, and defrauding the creditors of the said Ben Brown. The verdict of the jury was favorable to the defendants, and judgment was entered accordingly. The plaintiff appealed.

[1] Ben Brown was adjudged a bankrupt in November, 1931, and Edward F. Perry was elected trustee of said bankrupt's estate. One of the conveyances sought to be set aside was a deed dated April 28, 1930, by which the said Ben Brown conveyed to his wife three business houses and lots in the city of Corsi-

cana, and the other was a deed by Brown to his wife dated June 29, 1931, by which he conveyed to her certain unimproved lots in the residential section of said city. It was plaintiff's contention in the lower court that said conveyances were made for the purpose of defrauding future as well as existing creditors. The trial court submitted to the jury the issue as to whether or not at the time Brown made the conveyances in question he then had in his possession property subject to execution sufficient to pay his creditors, and the jury found that he did. The appellant does not challenge the sufficiency of the evidence to support the verdict, nor does he here contend that the sales were made by Brown to defraud his creditors existing at the time the transfers were made, but he does contend that there was sufficient evidence to raise an issue for the jury as to whether or not said conveyances were made for the purpose of defrauding future creditors, and that the court erred in refusing to submit that issue to the jury.

The evidence shows without dispute that the deed to the business property dated April 28, 1930, was filed for record in the office of the county clerk on the same day it was executed and was duly recorded April 30, 1930; and that the second deed which was dated June 29, 1931, was filed for record on June 30, 1931, and recorded July 8, 1931. It is not contended that the debtor made any representation to his creditors to the effect that he owned the property in question, after the execution and delivery of said deeds, nor that either he or his wife did anything to prevent or deter his creditors from examining the deed records for the purpose of determining the condition of the title to the property in question. Appellant's contention that the conveyances were made for the purpose of defrauding future creditors seemed to be based solely on the inference to be drawn from the testimony to the effect that Brown, who was practically out of debt, conveyed the property in question to his wife without consideration and immediately purchased a large stock of merchandise on credit and within a few months thereafter went into voluntary bankruptcy.

[2] A creditor who acquires his claim with notice of a prior conveyance is not entitled to have such conveyance set aside on the ground that same was made for the purpose of defrauding creditors, and as said by Judge McClendon, speaking for the Commission of Appeals, in Quarles v. Eaton-Blewett

Co., 249 S. W. 465, "the proper registration of a deed .charges every one with notice of its execution and contents; and in the absence of some fraudulent device practiced upon a subsequent creditor, and participated in by the grantee in the deed, the effect of which is to cause the creditor not to examine the records, he is charged as a matter of law with notice of the deed and its contents and is in the same position as if he had actual knowledge of it." See, also, 20 Tex. Jur. 396; Quarles v. Hardin (Tex. Com. App.) 249 S. W. 459; Lewis v. Simon, 72 Tex. 470, 10 S. W. 554; Allen v. Crutcher (Tex. Civ. App.) 216 S. W. 236; Monday v.'Vance (Tex. Civ. App.) 51 S. W. 346 (writ denied).

Under the rule above announced, the evidence offered by appellant was not sufficient to raise an issue for the jury, and the trial court did not err in refusing to submit same.

The judgment of the trial court is affirmed.