**WATSON et al v. SCALES et al.**
No. 6593.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 1, 1951.

Rehearing Denied Nov. 29, 1951.

Fulton & Hancock, Edwin M. Fulton, all of Gilmer, for appellants.

Florence & Florence, Gilmer, D. S. Meredith, Jr., Longview, for appellees.

HALL, Chief Justice.

Margaret Watson, a feme sole, R. H. Reddell and W. S. Scales, Sr., plaintiffs below and appellants here, instituted this suit in the District Court of Upshur County against Delta Scales and her former husband, Sam Scales, appellees here, to establish and foreclose abstract of judgment liens against certain real property located in Upshur County, Texas, and in the alternative, if the abstracts of judgment did not create a valid and subsisting lien against the land, then for judgment declaring and determining that the land in controversy was community property of appellees and fixing an equitable lien against said land in favor of appellants and foreclosing said lien in satisfaction thereof.

The cause was tried before the court without a jury upon an agreed statement of facts and judgment was entered denying appellants any relief.

By their first point appellants contend that "the debts represented by the judgments being community debts, and the land involved being the community property of

appellees, notwithstanding the recitations in the deed of September 13, 1944, from Sam Scales to Delta Scales, his then wife, purportedly conveying said lands as the separate property of the said Delta Scales, it follows that upon the dissolution of the marriage, Delta Scales became jointly liable with her divorced husband, Sam Scales, for the payment of the community debts to the extent of the community property received by her, and the court erred in not establishing and foreclosing an equitable lien against the land in favor of appellants."

Appellees Sam Scales and Delta Scales were married on September 24, 1927, and lived together as husband and wife until September 14, 1944. They were legally divorced on January 13, 1950. The lands in controversy in this suit were purchased by Sam Scales on April 1, 1941, and on September 13, 1944, the day before he and his wife, Delta Scales, permanently separated, Sam Scales conveyed said lands to appellee Delta Scales for the recited consideration of the sum of "$10.00, receipt of which is hereby acknowledged and confessed, and the further consideration of the assumption of the said Delta Scales of the balance now due and owing to Farmers & Merchants National Bank of Gilmer, Texas, amounting to the sum of $2,778.00, evidenced by liens executed by Sam Scales and Delta Scales to said bank, or for the use and benefit of said bank on the tracts of land hereinafter described, and other valuable considerations. * * *" The deed further provided that the land was conveyed to Delta Scales "as her sole and separate property and for her sole and separate use," and the warranty in said deed is to the same effect. The judgment of divorce between Delta and Sam Scales decreed the land here involved to Delta Scales. After the execution and delivery of this deed Sam Scales and Delta Scales never lived together as husband and wife. He left immediately and went to Brown County. On July 1, 1947, nearly three years after Sam Scales and appellee Delta Scales had permanently separated and nearly three years after the land in con-

troversy had been conveyed by him to Delta as her separate estate for a valuable consideration, Sam Scales executed one note payable to Margaret Watson in the sum of $12,101.30, and on February 1, 1948, a second note for the sum of $2,000, each bearing interest at the rate of six per cent per annum. On December 30, 1946, and on July 3, 1947, Sam Scales executed two notes, each for the sum of $1,000, payable to R. H. Reddell, which provided for interest at the rate of six per cent. And on March 10, 1947, Sam Scales executed to W. S. Scales, his father, a note for $3,002.50, bearing interest at the rate of six per cent. On April 16, 1948, Delta Scales filed suit against Sam Scales for divorce in Upshur County, Texas, where she had remained and had her domicile after their permanent separation. On May 26, 1948, Mrs. Watson, Reddell and Scales, Sr., each filed suit against Sam Scales on the notes theretofore executed by him. On May 27, one day after suits were filed on notes, W. S. Scales, Sr., secured judgment against Sam Scales on his note. On May 28, 1948, Mrs. Watson recovered judgment against Sam Scales on her notes, and on June 10, 1948, Reddell recovered judgment against Sam Scales on his notes. On January 13, 1950, a decree of divorce was granted Delta Scales. The abstracts of judgment were filed by Mrs. Watson, Reddell and Sam Scales, Sr., on March 28, 1950, over two months after the decree of divorce was granted Delta Scales.

In a written argument filed in this court by appellants, they concede that the deed from Sam Scales to Delta Scales dated September 13, 1944, was effective as between them to make the property her separate property, stating "obviously, the deed as between Sam Scales and Delta Scales is the separate property of Mrs. Scales. This is so, not because the facts existed to make it her separate property, but because Sam Scales, being a party to the deed, is bound by the recitals therein contained conveying the property to Delta Scales as her separate estate, and is estopped to deny such recitals." This is but an admission of the law as set forth in Speer's Law

of Marital Rights, 3rd ed., p. 181, Secs. 132, 133, and p. 183, Sec. 134.

At the time of the execution of the deed from Sam Scales to Delta Scales, in which he effectively gave his part of the community estate to her for a valuable consideration, which she discharged, appellants had no claim whatsoever against the community estate of Sam Scales and Delta Scales. The claims they assert are based upon the judgments on the notes given to them by Sam Scales in Brown County, after he had permanently separated from Delta Scales, and on the abstracts of judgment filed by appellants in Upshur County.

■■ A short time after Delta filed suit for divorce against Sam Scales in Upshur County, suits were filed by each of the appellants against Sam Scales on the notes theretofore executed by him. Waiver of citation was filed by Sam Scales in each of the Brown County suits. As heretofore pointed out, one judgment was recovered the day after suit was filed, another judgment was recovered two days after suit was filed and the third judgment was recovered fifteen days after suit was filed. Nothing was done about collecting said judgments so far as filing abstracts of judgments until over two months after Delta had secured a divorce from Sam Scales. Under such circumstances, it is our conclusion that the land described in the deed from Sam Scales to Delta Scales, the subject matter of this suit, was not subject to the judgment liens of appellants fixed after title had vested in her as her separate property. Her property cannot now be taken by appellants in satisfaction of those debts created by Sam Scales in Brown County, several years subsequent to the date Sam Scales conveyed the proprety to his wife, Delta Scales. It is true the law of this state would hold ineffective the deed from Sam Scales to his wife, Delta, transferring the title to the community property to her, as to community creditors of Sam Scales and his wife at the time of or prior to the transfer, but not

as to subsequent creditors of Sam Scales. Lewis v. Simon, 72 Tex. 470, 10 S.W. 554. In Clement v. First National Bank of Paris, 115 Tex. 342, 282 S.W. 558, 560, it is said: "It is well established that a deed of gift made by an insolvent debtor is void as to existing debts. It is equally as well settled that property so conveyed is not subject to debts subsequently made by the grantor. We need not cite authorities to support either of these propositions." Kane v. Ammerman, Tex.Civ.App., 148 S.W. 815, error refused; Polk v. Mead, Tex.Civ.App., 3 S.W.2d 112; Maryland Casualty Co. v. Willig, Tex.Civ.App., 10 S.W.2d 415, writ refused; Collier v. Perry, Tex.Civ.App., 149 S.W.2d 292. For the same reason, no equitable lien can be foreclosed against the property.

■ But, should we be in error in this conclusion, it is our opinion that no judgment lien ever attached against any of this property for the reason that the legal title had been by Sam Scales placed in his wife, Delta Scales, and if the property still remained community property after the execution and delivery of the deed from Sam Scales to Delta Scales (which it did not. Lewis v. Simon, supra) Sam's title would at best be an equitable one against which a judgment lien would not attach. Adams v. Impey, Tex.Civ.App., 131 S.W.2d 288; Gamer v. Love, Tex.Civ.App., 41 S.W.2d 356; Sugg v. Mozoch, Tex.Civ.App., 293 S.W.907, and authorities there cited.

The trial court did not err in refusing to render judgment against Sam Scales for the reason that appellants already had recovered judgment against him for their debts evidenced by the notes, in the district court of Brown County as pointed out above.

It is our opinion, then, that the judgment of the trial court, based upon either theory set out above, is a correct one and should be affirmed, and it is accordingly so ordered.

Judgment affirmed.